### THE CITIZENS' GASLIGHT AND HEATING COMPANY

*v.*

### A. O. GRANGER & CO.

*Filed at Springfield October 6, 1886.*

1. PLEADING AND EVIDENCE—*recovery under common counts.* Where a party furnishes materials and expends money for the use of another, at his request, and upon the false representations of the latter as to a state of facts which, if true, would make it the duty of the former to furnish such materials and pay out such money on a consideration already received, he may, on discovery of the falsehood of the representations, maintain an action for such materials and moneys expended, under the common counts.

2. A manufacturer sold and put up for a gas company the materials and apparatus for making gas, warranting their quality and soundness, which shortly after were destroyed by fire. The agent of the company falsely represented to the manufacturers that the loss was occasioned by defects in the machinery they had sold and supplied, under the belief of which the latter furnished other machinery in lieu of that destroyed, intending to make no charge therefor, and expended money in putting up the same: *Held,* that

on account of the fraud, the manufacturer had the right to sue the company for the materials so furnished and the money so expended, under the common counts.

3. PRACTICE—*time to object*—*as to the form of action.* If *indebitatus assumpsit* is brought upon a cause of action, when it should have been an action on the case, the objection will be considered as waived, if not urged at the first opportunity, so that it may be obviated by an amendment, changing the form of action.

APPEAL from the Appellate Court for the Third District;— heard in that court on appeal from the Circuit Court of McLean county; the Hon. O. T. REEVES, Judge, presiding.

This was an action of assumpsit, brought by A. O. Granger & Co., of Philadelphia, against the appellant. The declaration contained the common counts only.

Appellees were builders of gas apparatus for the manufacture of "water gas,"—a patent process for making gas. Appellant bought a set of apparatus of appellees. The set included a superheater, generator, condenser, and various tanks, pumps, pipes, etc. They were placed in the works, and in a short time, from some unknown cause, the works took fire and burned up. The works were rebuilt, and new machinery of appellees' make, so far as new machinery was necessary, was used. In a short time another fire occurred, and again from an unknown cause. After some investigation of the causes, Mr. Hauk, the secretary of appellant, wrote to appellees, saying: "We very much regret to inform you that we have met with another serious loss. Our entire works burned down here Tuesday night, the 17th inst.; loss, heavy; cause of fire, the bursting of a pipe from small tank or pump to generator. The pressure you recommended (340 lbs.) was too much." Afterward, Mr. Hauk went to Philadelphia, to appellees' place of business, and it is claimed Mr. Hauk there made similar statements as to the cause of the fire, and that, on the strength of such statements, appellees were induced to and did give appellant various apparatus to repair the works

destroyed by fire. Appellees claim the statements made by Mr. Hauk as to the cause of the fire, were false, and therefore seek to avoid the contract under which they furnished the goods, and, under the common counts in assumpsit, recover the reasonable value of the goods. Appellant admits the writing of the above mentioned letter by Mr. Hauk, but denies that Mr. Hauk made any misstatements to appellees, either in the letter or orally, and says that, in any event, appellees can not recover on the common counts.

After learning that no gas was being made when the fire occurred, that there was no pressure on the pipe, and that it was not in fact bursted, appellees made demand of payment of appellant, and, on refusal, brought this suit. The following are the items for which a recovery was sought:

| | |
|---|---:|
| Machinery and apparatus - - - - - | $56.00 |
| Same - - - - - - - - | 40.00 |
| Same - - - - - - - - - | 1000.00 |
| Cash paid out for fittings - - - - | 22.70 |
| Cash paid for labor - - - - - - | 58.50 |
| Cash paid for fittings - - - - - | 37.38 |
| Cash paid for railroad fare - - - - - | 9.60 |
| | $1224.18 |
| Credit by gauges returned - - - - | 7.00 |
| | $1217.18 |

A trial was had, resulting in a verdict and judgment in favor of the appellees, for $1215.18, which was affirmed by the Appellate Court, and the record is brought to this court by appeal.

Messrs. KERRICK, LUCAS & SPENCER, for the appellant:

Appellant having got the goods on a contract not to pay for them, it can not be held liable on a contract to pay for them. The two could not exist at the same time. Appellees admit the express contract was, that appellant was not to pay

for the goods.  But, as we understand, appellees claim the goods were procured tortiously, and they waive the tort, and sue for the value of the goods.  That can only be done when the wrongdoer has converted the goods into money,—then he is liable for goods had and received.  *Creel* v. *Kirkham*, 47 Ill. 344; *Johnson* v. *Salisbury*, 61 id. 316; *Kellogg* v. *Turpie*, 2 Bradw. 59; 93 Ill. 265.

When a party rescinds a contract on the ground of fraud, such rescission must be total.  *Bowen* v. *Schuler*, 41 Ill. 193; *Ryan* v. *Brandt*, 42 id. 78; *King* v. *Mason*, id. 223; *Kellogg* v. *Turpie*, 2 Bradw. 55; 93 Ill. 265.

The only answer that appellees make to this is, that it is only a variance, and therefore the objection can not be urged in the Appellate Court for the first time.  The objection that the action is misconceived is fatal at any stage.  2 Greenleaf on Evidence, 106; *Gay* v. *Keys*, 30 Ill. 419; *Larsen* v. *Mitchell*, 41 id. 104; *Creel* v. *Kirkham*, 47 id. 3; *Johnson* v. *Salisbury*, 61 id. 317.

Mr. A. E. DeMange, for the appellees:

It seems to us that no verdict was ever rendered that did more substantial justice between the litigants than this one. The court can readily see that the jury could not have found otherwise, and unless the record discloses some error of so grave a nature that it manifestly prejudiced the rights of appellant, the judgment of the court below should not be disturbed.  *Ryan* v. *Donnelly*, 71 Ill. 100; *Life Ins. Co.* v. *Foote*, 79 id. 361; *Life Ins. Co.* v. *Beck*, 74 id. 165; *Stevison* v. *Earnest*, 80 id. 513; *Lowery* v. *Costes*, 91 id. 182; *Strohm* v. *Hayes*, 70 id. 45.

Where there is a total failure of consideration, or where money is paid or goods furnished under a misapprehension of facts, and they are converted or used by the defendant, the law raises an implied promise to pay.  2 Greenleaf on Evidence, sec. 108; *Bradford* v. *City*, 25 Ill. 359; *Longchamp*

v. *Kenney,* 1 Doug. 137; *Gray* v. *Griffith,* 10 Watts, 431; *Bladlock* v. *Phillips,* 38 Ga. 216; *Allsbrook* v. *Hath,* 3 Sneed, 454; *Mann* v. *Stowell,* 3 Chand. 243; *Cooper* v. *Helsabeck,* 5 Blackf. 14.

When there is a variance between the declaration and the evidence, and no objection interposed to the evidence in the court below, the objection can not be raised in an appellate court. *Brannan* v. *Trauss,* 75 Ill. 234; *Roberts* v. *Corley,* 86 id. 184; *Reynolds* v. *Palmer,* 70 id. 290; *Wilhelm* v. *People,* 72 id. 468; *Fire Ins. Co.* v. *Parrish,* 73 id. 166; *Railroad Co.* v. *Chester,* 62 id. 236; *City* v. *Kimball,* 90 id. 355; *Railroad Co.* v. *Beckemier,* 72 id. 267.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

We are unable to perceive any valid objection to a recovery under the common counts. Appellees furnished materials and expended money for the use of appellant, upon its request. At the time that request was made, the agent of appellant falsely represented to appellees that a state of facts existed under which it was the duty of appellees to furnish the materials and expend the money for the use of appellant by virtue of the terms of a prior contract, whereby appellees were obligated to sell and deliver to appellant, machinery, etc., of a particular quality and soundness. If that representation had been true, appellees were already paid for the materials furnished and money expended; but not being true, the amount remained to be paid by appellant. There was no mistake or misrepresentation in regard to the use to which the materials furnished should be applied, and for which the money was to be expended,—there was simply falsehood and misrepresentation in regard to whether facts existed making it the duty of appellees to furnish these materials and pay out that money on account of a consideration already received. The proof of the delivery of the materials and the payment

of the money made a *prima facie* case, entitling the plaintiff to recover, and that case was not rebutted by showing that the delivery and payment were pursuant to the old contract, when it was also shown that the facts which were represented to exist, whereby it would have been the duty of appellees to have made the delivery and payment under that contract, did not, in fact, exist, and that the representations of appellant's agent in that regard were false and fraudulent. The defence fails, because it is based on falsehood and fraud. The case, in principle, is as if A goes to a clerk in a store or shop and tells him to let him have certain goods—that he has already made payment therefor to the principal or to another clerk. The clerk, believing him, delivers the goods. Subsequently the clerk learns that the representation that he had paid for the goods is false, and thereupon A is sued, on the common counts, for the value of the goods. The contract is fully performed upon the one side, and nothing remains upon the other but to make payment. The fact that, by willful misrepresentation, the creditor is at first deceived into the belief that payment has already been made, can make no difference. It was never intended the goods and money should be given away, or that anything but money should be accepted in exchange for them.

But if the form of the action should have been in *tort*, the objection on that ground should have been specifically urged at the first opportunity, for, under the provisions of section 23 of chapter 110, entitled "Practice," (2 Starr & Curtis' Stat. 1787,) it was competent, at any time before final judgment, to so amend the pleadings as to change the form of action from assumpsit to case. The objection is of a purely formal character, and not having been urged in apt time, is to be deemed as waived.

An objection is urged in regard to the improper admission of certain evidence; but, on examining the record, we think the objection is based on a misapprehension. The ruling of

the court seems to have been properly limited, and no question of law, in that respect, is presented.

The main controversy in the trial court was one of fact. The judgment of the Appellate Court precludes further question in that regard, and we discover no error of law of sufficient importance to require a reversal of the judgment.

The judgment is affirmed.

*Judgment affirmed.*