RAILWAY PASSENGER AND FREIGHT CONDUCTORS'
MUTUAL AID AND BENEFIT ASSOCIATION

v.

ANN E. LOOMIS.

*Insurance—Mutual Benefit Associations—Action on Certificate—Limitations—Forfeiture of Membership—Notice of Assessments—Board of Directors, Powers of.*

43 599
142s 560

43 599
62 479

43 599
82 218
82 221

43 599
111 157

1.  The fact that, in an action on a benefit certificate, parol proof of the death, intestate, of the member, and that the plaintiff was his widow, is necessary, does not take the case out of the category of actions upon written instruments the limitation of which is ten years.

2.  A provision of the by-laws of such organization, that members neglecting or refusing to pay assessments for thirty days from date of same cease to be members, is self executing, but the constitution and by-laws being silent on the subject of notice, the law requires it.

3.  Where the law requires notice and the method is not prescribed, it must be personal.

4.  Under the constitution of the appellant the beneficiary of a certificate issued by it is not finally concluded by the action of the board of directors in refusing to allow his claim.

[Opinion filed February 9, 1892.]

APPEAL from the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding.

Messrs. MILLER, STARR & LEMAN, for appellant.

The plaintiff's cause of action is barred by the five years' statute of limitations. Revised Statutes, Chap. 83; Plumb v. Campbell, 129 Ill. 101; Kanz v. Great Council Improved Order of Red Men, 13 Mo. App. 341; Ill. C. R. R. Co. v. Miller, 32 Ill. App. 259; Am. Ins. Co. v. Arbuckle, 32 Ill. App. 369; Jerome v. Williams, 13 Mich. 526; Hulburt v. Atherton, 59 Iowa, 91; S. C. 12 N. W. Rep. 780; Marion v. Shipley, 77 Ind. 553; S. C. 25 Alb. L. J. 128; Kinsey v. Louisa Co., 37 Ia. 438; Baker v. Johnson Co., 33 Ia. 151; Lamb v. Withrow, 31 Ia. 164; Rankin v. Schaeffer, 4 Mo. App. 108.

Contracts needing oral testimony to make them out, are unwritten for all purposes. Bishop on Contracts (enlarged), Sec. 164; Briggs v. Central R. Co., 31 Vt. 211; St. Louis, etc., R. Co. v. Maddox, 18 Kans. 546; Kalamazoo Novelty Mfg. Wks. v. McAllister, 40 Mich. 84.

The same rule applies to contracts needing oral testimony to make them out, under the statute of frauds. Grafton v. Cummings, 99 U. S. 100; Dwight v. Pomeroy, 17 Mass. 303; Lang v. Henry, 54 N. H. 57; Dana v. Hancock, 30 Vt. 616; Wright v. Weeks, 25 N. Y. 153; Browne on Statute of Frauds, 4th Ed., Sec. 372.

Plaintiff's decedent was not a member of the defendant association in good standing at the time of his death, therefore plaintiff can not recover. Hansen v. Knights of Honor, 23 Chi. L. N. 255; Karcher v. S. L. K. of H., 137 Mass. 368; Maderia v. Merchants' Soc., 16 Fed. Rep. 749; Lantz v. Vermont L. Ins. Co., 21 At. Rep. 80; Yoe v. B. C. Howard M. B. Ass'n, 63 Md. 83; McDonald v. Ross-Lewin, 29 Hun, 87; Blanchard v. Atlantic, etc., Co., 33 N. H. 9; Am. Soc. v. Kilburn, 7 Ky. L. Rep. 750; Rood v. R. P. Ass'n, 31 Fed. Rep. 62; Supreme Council v. Curd, 111 Ill. 284.

The attempted reinstatement by mailing money in behalf of deceased after he had received mortal injury, and which was not received by the defendant association until after he had died, was ineffectual to reinstate him. Brown v. Grand Council, 46 N. W. Rep. (Iowa) 1086; Lantz v. Vermont Life Ins. Co., 21 Atl. Rep. (Pa.) 80; Want v. Blunt, 12 East, 183; Ins. Co. v. Rosenberger, 84 Pa. St. 373; Ins. Co. v. Rought, 97 Pa. St. 415; Hummel's Appeal, 78 Pa. St. 320; Ins. Co. v. Buckley, 83 Pa. St. 293; Ins. Co. v. Cochran, 88 Pa. St. 230.

Plaintiff's decedent was ineligible to reinstatement at the time the attempt at reinstatement was made.

The decision of the board of directors rejecting plaintiff's claim was final. Rood v. Ry. Pass. and Ft. Conductors' M. A. and B. Ass'n, 31 Fed. Rep. 62; Black & Whitesmiths v. Vandyke, 2 Whart. 309; Toran v. Howard Ass'n, 4 Pa. St. 519; Commonwealth v. Pike Ben. So., 8 Watts & S. 247; Hummel's Appeal, 78 Pa. St. 320; Karcher v. Supreme Lodge, 137 Mass. 368; Anacosta Tribe v. Murbach, 13 Md. 94; Osceola Tribe v. Schmidt, 57 Md. 98; Griggs v. Mass. Med. So., 111 Mass. 185; Robinson v. Yates City Lodge, 86 Ill. 596; Fisher v. Board of Trade, 80 Ill. 85; People v. Board of Trade, 80 Ill. 134; Baxter v. Board of Trade, 83 Ill. 146; Sturges v. Board of Trade, 86 Ill. 441; State ex rel. Paulson v. Odd Fellows, 8 Mo. App. 188; Ill. Masonic Ass'n v. Baldwin, 86 Ill. 479; Chase v. Cheney, 58 Ill. 509.

The court having so ruled and overruled the demurrer to the plea, setting up the decision of the directors, and the plaintiff having replied over, settled this question in this case.

Williams v. Baker, 67 Ill. 238; Ill. C. R. R. Co. v. Patterson, 69 Ill. 650.

The approval of the claim by the board of directors is, by the by-laws, a condition precedent to the existence of any liabil- ity by the defendant. Defendant's undertaking is to pay over the proceeds of such assessments as the board of directors may order, in payment of such claims as the board may approve. Plaintiff does not show performance of these conditions prece- dent, therefore she should not recover. Smith v. Cov't Mut. Ben. Ass'n, 24 Fed. Rep. 685; Rood v. R. P. Ass'n, 31 Fed. Rep. 62; Reed v. Washington Ins. Co., 138 Mass. 575; Wood v. Humphrey, 114 Mass. 185.

Messrs. SIDNEY C. EASTMAN and GEORGE E. SWARTZ, for appellee.

The action is upon a written contract and is not barred by the statute of limitations. Ill. Rev. Stat., Chap. 83, Sec. 16; Ill. Cent. R. R. Co. v. Johnson, 34 Ill. 389; Jassoy & Co. v. Horn, 64 Ill. 379; Schalucky v. Field, 124 Ill. 617; First Nat. Bank v Coleman, 11 Ill. App. 508; Fleischer v. Rentchler, 17 Ill App. 402; Ames v. Moir et al., 27 Ill. App. 88; Ames v. Moir et al., 130 Ill. 582; Cochrane v. Oliver, 7 Ill. App. 176; Memory v. Niepert, 131 Ill. 623; Wing v. Evans, 73 Iowa, 409; Ashley v. Vischer, 24 Cal. 322–328.

A written contract may be contained in several separate papers. Bishop on Contracts, Sec. 165 (Enlarged Ed.); Brad- ley v. Marshall, 54 Ill. 173.

The action accrued within five years from the time the suit was brought. Bacon on Ben. Soc., etc., Sec. 445; Derrick v. Lamar Ins. Co., 74 Ill. 404; Home Ins. Co. v. Myer, 93 Ill. 271.

The decedent, Loomis, was a member in good standing at the time of his death.

Where the insured has thirty days in which to pay an assessment and dies within that time without paying it, he is not in default on that account. Protection Life Ins. Co. v. Palmer, Adm'r, 81 Ill. 88, bottom of page 95 ; Niblack on Mut. Benefit Soc., Sec. 287, page 315; Grand L. S. S. O. of Mut. Aid v. Besterfield, 37 Ill. App. 522.

The secretary's report was properly admitted in evidence. Niblack on Mut. Benefit Soc., Sec. 399.

Waiver:    That the association did not consider Loomis as having forfeited his rights, is shown by the levying of assessments against him subsequent to the time in which they now claim he was in default, and such action waives the default if any existed.    Niblack on Mutual Benefit Soc., Secs. 339, 335 and 345; Bacon on Benefit Soc. etc., Sec. 431; Chicago Life Ins. Co. v. Warner, 80 Ill. 410; Mut. Life Ins. Co. v. Amerman, 119 Ill. 329–335; The Am. Mut. Aid Soc. v. Quire, 8 Ky. Law Reporter, 101; Stylow v. Wisconsin Odd Fellows' Mut. Life Ins. Co., 34 North West. Rep'r 151; Nat. Mut. Ben. Ass'n v. Jones, 84 Ky. 110; Viall v. The Genesee Mut. Ins. Co., 19 Barb. 440.

The certificate issued to a member is evidence of his good standing, and in the absence of proof to the contrary this condition will be presumed to continue.    Niblack on Mut. Ben. Soc., Sec. 174; Bacon on Mut. Ben. Soc., etc., Sec. 414; Sup. Lodge K. of H. v. Johnson, 78 Ind. 110.

The burden of establishing the failure to pay assessments is upon the defendant.    Bacon on Mut. Ben. Soc., Sec. 469, top of page 706.

The defendant, seeking to show a default in the payment of assessments, must prove that such assessments were duly and regularly levied by the proper authority, and for proper purposes.    This the defendant has failed to do.    Niblack on Mut. Ben. Soc., Secs. 277, 278, 279 and 280.

The action of the board of directors in rejecting plaintiff's claim does not deprive the court of jurisdiction, nor the plaintiff of her day in court.    Bacon on Ben. Soc., Secs. 71, 87, 94, 123 and 450 (and authorities there cited); Greenhood on Public Policy, rule 379, page 466; The Ry. Pass. and Frt. Cond., etc., Ass'n v. Robinson, Exr., (Supreme Court Ill., Mar. 30, 1891,) Chicago Legal News, Vol. 23, page 602.

Benevolent societies doing a life insurance business are in respect to such business subject to the same rules and principles of law as ordinary life insurance companies.    Rockhold v. Canton M. Ben. Soc., 129 Ill. 440; May on Insurance, Vol.

II, Sec. 550a; Bacon on Benefit Soc., Secs. 51 and 52; Goodman v. Jedidiah Lodge, 67 Md. 117.

Failure of the directors to order an assessment does not preclude appellee. Ry. Pass. & Frt. Cond., etc., Ass'n v. Robinson, Exr., Chicago Legal News, Vol. 23, page 602; Niblack on Mut. Benefit Soc., Secs. 392, 397 and 401; Hankinson v. Page, 31 Fed. Rep. 184–188.

GARY, J.    This case illustrates the necessity of more skill and greater care in framing the rules by which the affairs of mutual benefit societies are to be governed. When a beneficiary sues upon a certificate, he or she is entitled to the application of principles of law, unless such application is prevented by the rules, which are adverse to the beneficial results contemplated in the formation of such societies, and even to their continued existence.

The appellee is the widow of H. H. Loomis. He made an application for membership in the appellant association as follows:  ·

"DIVISION OHIO CENTRAL R. R.
November 11, 1880.

To Board of Directors, Railway Passenger and Freight Conductors' Mutual Aid and Benefit Association of the United States and Canada, Chicago, Ill.:

*Gentlemen:* The undersigned entertaining a favorable opinion of your association, is desirous of becoming a member of the same, and, if admitted, agrees to comply with the constitution and by-laws, rules and regulations thereof. I am not at present laboring under any disability which disqualifies me from following the avocation of a passenger or freight train conductor, and according to the best of my knowledge and belief, I am eligible to membership under the constitution and by-laws of your association.

My age is fifty-three, my residence, Basil, Ohio.

Respectfully,
H. H. LOOMIS.

Recommended by
F. H. PEASE,
W. W. STRAIGHT.

We, the undersigned, members in good standing of the Railway Passenger and Freight Conductors' Mutual Aid and Benefit Association, certify that H. H. Loomis, whose name is signed to the written application for membership, is a person of good moral character and free from physical disability, and that he is ——— at present ———, has for a period of twelve months been employed as conductor of a passenger or freight train in the United States or Canada.

 Given under our hands this eleventh day of November, 1880.

2268                              F. H. PEASE,
1047                              W. W. STRAIGHT.

November 16, 1880."

And a certificate was issued to him as follows:

"No. 2268.   Railway Passenger and Freight Conductors'. Mutual Aid and Benefit Association for the United States and Canada, organized under the laws of the State of Illinois, charter granted December, 1874.

CHICAGO, Nov. 16, 1880.

This is to certify that H. H. Loomis, residence, Basil, Ohio, is a member of the Railway Passenger and Freight Conductors' Mutual Aid and Benefit Association.

Given under our hands and the seal of the association affixed.

J. G. SHERMAN, President.

C. HUNTINGTON, Sec'y & Treas."

On the morning of the 10th day of July, 1883, he fell from a second story window of a hotel in Macon, Georgia, and from the injury received, died on the evening of that day.

That, if he was then a member in good standing, the appellant ought to have made an assessment upon surviving members, which would have produced $2,500, that the appellant ought to have paid to appellee, is not questioned. It is therefore unnecessary to set out the documentary evidence showing the constitution and by-laws of the association by which that duty is imposed. If he was in good standing, his death intestate, and that she is his widow, were the only things to be proved by parol, in order to show that the contingency upon which the duty arose had happened, and that she was the person to whom that duty was owing. This parol proof did not take

the case out of the category of actions upon written contracts, the limitation of which is ten and not five years. Memory v. Niepert, 131 Ill. 623; 2 Taylor on Ev. 1015; Larned v. Johns, 9 Allen, 419.

This disposes of the first point argued by appellant. The next three points are in effect but one, viz.: That Loomis was not a member in good standing at the time he died. If the fact be so, the point is good, but the burden of proving it is ·upon the appellant. The certificate is *prima facie* evidence to the contrary. One of the by-laws contains these words: "Members of this association neglecting or refusing to pay assessment for the period of thirty days from date of such assessment shall cease to be a member," etc. That this provision is self-executing, we think is true. Hansen v. Supreme Lodge, 40 Ill. App. 216.

But the proper construction of it is, that the thirty days begin to run only from the date that notice is given to the member, of the assessment.

The constitution and by-laws being silent on the subject of notice, and containing nothing dispensing with notice, the general rule of law governs, that notice is necessary where the act of one party gives rise to the duty of the other. The assessment, if made, was the act of the association. Before it can complain of neglect or refusal by a member to pay, he must be given notice. Chase v. S. & C. R. R. Co., 38 Ill. 215. And wherever the law requires notice, and does not describe the manner, it must be personal. Wachtel v. Noah, 34 N. Y. 28.

There is testimony tending to show that notice was mailed to Loomis in time to put him in default if he had received the notice, but nothing showing to any reasonable degree of certainty that he received it. A witness states that the notice was in an envelope with a receipt sent for a prior assessment; the appellee states that she received that receipt and no notice came with it. The appellant was unable to prove sufficiently, notice to Loomis, and is therefore without defense upon that point. He was, for aught this record shows, a member in good standing when he died. The last point relied upon is based upon a clause of the constitution relating to the board of directors, as follows:

" They shall decide all points of dispute and questions of doubt that may arise, and their decision shall be final."

Preceding that is a clause, " to them shall all claims against the association be referred, and upon the approval of a majority of said board, with that of the president, the same shall be paid by the secretary and treasurer." If these two clauses are to be read together, the power of the board extends to the rejection but not to the allowance of claims. They may forbid, but can not direct, the opening of its treasury. We can not concur in the judgment of the United States Circuit Court of this district (Rood v. this appellant, 31 Fed. Rep. 62), that a beneficiary under a certificate issued by the association is dependent upon the will of the board, however honestly they may act, whether he or she shall be paid. It may well be that among the members themselves the decision of the board they elected, upon questions affecting them, is final; but if a stranger had let rooms, sold furniture or supplied stationery to them, it would not be contended that they could defeat his claim for compensation. The death of Loomis severed his relations with the association. The appellee had no voice in it. Her interests were adverse to the interests of all the surviving members, though they might perhaps feel that the denial of her claim might be a bad precedent for their own beneficiaries. That an organization may be such that the obligations shall be purely moral, without redress by law, may be; but the language by which that result is effected must be more explicit than that which is quoted.

Whether the declaration is in the right form is a question not made below, where, if necessary, it might have been amended, and therefore it can not be made here. Citizens Gaslight Co. v. Granger, 118 Ill. 266.

It is unnecessary to review the pleadings, traveling off to sur-rejoinders, the twenty-one reasons assigned for a new trial and the twenty-nine errors assigned. We have in substance followed the argument in the brief of appellant.

The judgment of the Circuit Court in favor of the appellee is affirmed.

*Judgment affirmed.*