THE UNITED STATES MUTUAL ACCIDENT ASSOCIATION OF NEW YORK

*v.*

CARL R. MUELLER, Admr., etc.

*Filed at Ottawa, June 19, 1894.*

1. ASSESSMENT INSURANCE — *notice of assessment — its sufficiency.* Where the by-laws of an accident association provide that payments of assessments shall be made within thirty days from the date of the notice thereof, and not the date of writing the same, a member will not be in default of payment until thirty days from the time he receives the notice, or from the time it would reach him by due course of mail.

2. In such case, notice was given to a member of an assessment dated November 28, demanding payment within thirty days from that date, and it was admitted that the notice could not have been received earlier than the 30th day of November: *Held*, that as the member was entitled to notice of the time when his assessment was payable, the notice was insufficient in not giving thirty days from the date of its receipt. A notice requiring a member to pay an assessment before it is due is invalid.

3. Where a member of an accident association at the time of notice to him of an assessment and of dues, had a deposit with the association to be applied on dues and assessments, and at the time notice was sent out, which was not credited on the dues and assessment, *it was held*, that no forfeiture of the policy could be declared until the company had given notice of the correct sum the assured was required to pay.

4. Appeal—*finding of facts—when treated as surplusage.* Where all the facts, except one only, are admitted by a stipulation of the parties, and as to such other fact the finding of the Appellate Court is the same as that of the trial court, though the judgment of the trial court is reversed, and final judgment entered by the Appellate Court, no recital of facts in the judgment or order of the Appellate Court will be necessary, and if made, may be treated as surplusage.

Appeal from the Appellate Court for the First District; —heard in that court on appeal from the Circuit Court of Cook County; the Hon. S. P. McConnell, Judge, presiding.

Messrs. Knight & Brown, for the appellant.

Messrs. Rubens & Mott, for the appellee.

Mr. Justice Wilkin delivered the opinion of the Court:

This is an action of assumpsit, begun in the Circuit Court of Cook county on a $4,000 policy of insurance against accident, issued by appellant to Charles Scheel for the benefit of his wife Agnes. During the continuance of the policy Charles Scheel was accidentally killed, and this suit was begun by his widow, Agnes, pending which she died, and appellee, as her administrator, was made plaintiff.

Two trials were had, the first resulting in a verdict for the plaintiff, which, on motion of the defendant, was set aside.

On the second, a jury being waived, judgment was rendered for the defendant, and the plaintiff appealed to the Appellate Court, where the judgment below was reversed, and final judgment rendered for the plaintiff for the full amount of the policy, with six per cent interest ($5,288), the judgment reciting the following finding of facts:

"That the deceased, Charles Scheel, made two deposits with the United States Mutual Accident Association, the appellee, for the payment of assessments. One deposit of $10, in April, 1887, and another deposit of $5, on October 11, 1887, being in all $15, and not $20, as claimed by the appellant. The remaining facts in the case have been stipulated between the parties, and upon the stipulated facts, which we find to be true, we find that appellant, as a matter of law, is entitled to a judgment for the full amount of the policy." The first ground of reversal is, that the judgment does not contain a sufficient recital of the facts found by the Appellate Court, under Sec. 87 of the Practice Act. (S. & C., vol. 1, 1842.) That section requires the Appellate Court to recite in its final order, judgment or decree, the facts found by it, when its final determination of the cause is the "result wholly, or in part, of the finding of the facts concerning the matter in controversy, different from the finding of the court from which such cause was brought by appeal or writ of error."

There is in this case but a single disagreement between the parties as to the facts of the case, and that is, whether the assured, Charles Scheel, had, at the time of his death, forfeited his policy, by a failure to pay assessments made against him by the defendant company. Every other fact, material to the plaintiff's right of recovery, was admitted upon the trial by the defendant, in a written stipulation signed by the parties.

All the facts bearing upon the one controverted question are also agreed to in the stipulation, except as to whether a receipt for $5.00, date New York, October 13, 1887, signed

by the secretary and cashier of the defendant, was, "for a separate and independent payment of five dollars to the defendant'' (as contended by the plaintiff), or, "merely a duplicate receipt for a payment to the agent of the company at Chicago on October 11th" (as claimed by the defendant).

It is conceded by all parties, that if two payments, of $5.00 each, were in fact made, as shown by these receipts, unexplained, he paid in all the sum of $20.00, and there was no default whatever. The Circuit Court, in rendering judgment for the defendant, as shown by its rulings on propositions submitted, found, as did the Appellate Court, that the two receipts represented one and the same payment, only $15.00 being paid in all, and, therefore, the final judgment of the Appellate Court was not the result of finding the facts on that question different from the Circuit Court, and even if the recital of facts on that question had been insufficient, it could have been treated as mere surplusage. No recital of facts was necessary. But as the only "*matter in controversy*," was whether $20 or only $15 had been deposited by the assured for the payment of the assessments, we are unable to see why the recital of facts, found by the Appellate Court, is not a compliance with the statute.

Treating that finding as conclusive against the plaintiff, and taking into consideration the stipulation of parties, the following facts bearing on the controverted question are established: The policy was issued March 16, 1887, and provided that, "Notice mailed, postage prepaid to the last address given, shall be considered a legal notification of an assessment, and if the same be not paid before its expiration, this certificate, and all insurance thereunder, will then cease to be in force."

The by-laws of the association provide, among other things: "Funds for the payment of indemnity, and con-

ducting the business of the association, shall be derived from assessments of two dollars upon each member of the division on which such assessment shall be made, for either or both of said purposes."

"Whenever the proceeds of an assessment or proportion thereof ordered for payment of indemnity for death losses or disabling injuries, are more than is required for paying sufficiently the immediate claims for which the assessment is made, the balance thereof shall go into the treasury of the association, to be used only for payment of future claims for death, or disabling injuries, and creating a reserve fund for like purposes. The expense of conducting the business of the association shall be limited to the admission fees and assessments, or proportion thereof ordered expressly therefor." "Upon receiving notice of dues or assessments, each member shall promptly remit the amount thereof to the secretary of the association. Notices sent by mail to the last given address of any member shall be considered proper legal notification."

"Any member who shall not remit the amount of his assessment or annual dues within thirty days from the date of the notice thereof (except when the board of directors shall have extended the time for payment) shall forfeit his claim to membership, and have his name stricken from the roll; * * * he may be restored to membership upon payment of all dues, or, at his option, by making a new application for membership in the prescribed form, for which a new certificate will be issued, upon surrender of the one forfeited, and payment of the membership fee of $5, always subject, however, to approval of the board of directors.

A member so re-instated shall not be entitled to any indemnity for loss of time or injuries sustained between the time of such forfeiture and re-instatement; and no person who has forfeited his membership shall be eligible to re-instatement, unless at the time of application therefor he is of

sound mind and body and in good health, and of temperate habits, and under the age of sixty-five years.''

During the year 1887, the association was doing business in Illinois, and G. C. Gerrish was its general agent at Chicago, authorized to receive deposits of policy holders to meet accrued and future assessments; and on April 7th of that year, the insured deposited $10 with him to pay future assessments, the last of which was used in the payment of assessment No. 50.

On October 11th, following, he paid to Gerrish, at Chicago, $5, for which he took a receipt (marked E. C. & 2,) for assessment No. 51, leaving a balance of $3 on deposit for future assessments.

Assessment No. 52, for $2, payable in November, was paid out of that deposit, leaving one dollar still to the credit of the assured. November 28th the defendant company deposited in the P. O. at New York, a notice duly stamped, addressed to Charles Scheel, at his residence in Chicago, as follows:

''Pay now and avoid overlooking it.

Division B.

| | | | | | |
|---|---|---|---|---|---|
| Assessment No. 53 | . | . | . | . | $2 |
| Annual Dues | . | . | . | . | $1 |
| Time for payment will expire December 28, 1887. | | | | | $3 |

&ast; &ast; &ast; &ast; &ast; &ast; &ast; &ast; &ast; &ast; &ast;

OFFICE OF THE

United States Mutual Accident Association,

P. O. Box, 851.    320 & 322 BROADWAY.    New York.

CHAS. P. PEET, Pres't.    JAMES R. PITCHER, Sec'y.    CALVIN T. HAZEN, Treas.

New York, November 28, 1887.

At a regular monthly meeting of the Board of Directors, an assessment of Two Dollars upon each member in Division B, for conducting the business of the Association, was ordered to be made, to expire thirty days from November 28, 1887, upon all members admitted prior to that date.

In accordance with the By-laws, the annual dues in advance are payable with the assessment, making a total amount due upon this notice of $3.

Assessments and annual dues must be paid to the secretary at the office of the Association, 320 & 322 Broadway, N. Y., within thirty days from November 28, 1887, and the Association can not be legally held by payment to any one else.

The sending of this notice shall not be held to waive any forfeiture or lapse of membership by non-payment of previous assessments.

If you have a deposit account and this notice is stamped "paid, charged against deposit account," hold it as your receipt.

If not paid, please return this blank with your full name and post office address, and enclose *Three Dollars* in payment of Assessment *No. 53*, and annual dues.

Very respectfully,

James R. Pitcher, *Secretary*."

He had paid previous assessments from 48 to 52 inclusive, upon notices in form like the above.

In the due course of mail, that notice could not have reached the assured until November 30th, and no other notice of assessment No. 53 was mailed to or given him, and no other assessment was levied prior to his death.

The $1 balance, after paying No. 52, was, after the mailing of that notice, applied by the defendant in payment of the annual dues of the assured for the year 1888.

Members of the association were requested to make deposits, as was done by Scheel, by communications sent out with notices signed by the secretary, as follows:

## "United States Mutual Accident Association.
### DEPOSITS FOR ASSESSMENTS.

To make sure that your membership will not lapse, keep a deposit with the Association.

The system of Deposit Accounts adopted for convenience of members, enabling them to remit for several assessments in advance, thus avoiding annoyance or the liability of forfeiture by neglect to remit, or by loss in the mails through remitting for single assessments as they are made, leads us to commend it to all members as the most desirable and advantageous plan.

The proportion of members who are now paying their assessments by the year is very rapidly increasing, the money being deposited in bank, beyond any possibility of loss to the members.

Deposit receipts are given, and the member is kept fully apprised of all assessments made.   The assessment notices, when mailed, are stamped, 'Paid, charged against Deposit Account.'   We aim to give notice when same is exhausted.''

It appears, then, from the above stated facts, that the assured had failed to pay, or provide for the payment of at least a part of assessment No. 53, and it must follow, if that default resulted from his own omission, without any neglect of duty on the part of the association, his insurance was forfeited by the terms of the policy.

It is shown, however, both by the policy and the foregoing provisions of the by-laws, that both assessments against members and their annual dues became due and payable only upon notice, and, therefore, the first question for decision is, was the notice of November 28, 1887, sufficient, under all the facts of the case, to put the assured in default for the non-payment of assessment No. 53.

What notice was he entitled to?

That matter is regulated by the by-laws, which provide, that payments are to be made   *   *   *   within thirty days from the date of the notice thereof, and that means from the date of the service of the notice, and not the date of the writing.

It is admitted, that the notice in this case could not have been received earlier than the 30th of November, and

it is settled by *Life Insurance Co.* v. *Palmer, Admr.*, 81 Ill. 88, that he was entitled to thirty days from that date in which to make payment. The notice, however, required him to pay in twenty-eight days. It demanded payment of him within thirty days from November 28, regardless of the date of the notice, and told him the time for payment would expire December 28, 1887, and thus requiring him to do that which by his contract he was not bound to do.

Counsel admit, "Scheel was notified to pay by the 28th of December, although, under the by-laws, he had until the 30th; but they say his failure to pay on the 30th (within thirty days from the receipt of the notice) placed him in default, notwithstanding the time for payment was limited by the notice to the 28th." This amounts to saying, that the time within which the notice required payment was of no importance; that all that was necessary on the part of the company was to notify him that an assessment had been made, whereupon, under the by-laws, he was bound to pay within thirty days from receipt of that notice.

This position is untenable. The by-laws clearly contemplate that a member shall have notice of the *time* his assessment is payable; and this, and each of the previous notices given Charles Scheel show, that the company so understood.

If it intended to hold the assured to payment of assessments within the time fixed by the by-laws, without notice from it as to when that time would expire, and to forfeit his policy if he did not so pay, it ought, in common fairness, to have left him to so understand.

This notice does not simply inform him of the assessment, and allow him to look to the by-laws of the company, as to when he should pay, nor does it notify him to pay within thirty days from the date of the notice. It demands payment "within thirty days from November 28, 1887," and informs him that the time for payment will expire December 28, 1887, and yet the defendant now seeks, because he

did not disregard this demand, put his own construction on the contract, and offer to pay within thirty days from November 30, to forfeit his policy.

This the law will not allow.

A notice requiring a member of an association like this to pay an assessment before it is due, is invalid. *Haskins v. Ky. Grange, etc.*, 7 Ky. L. Rept. 371; *Fry v. Wellington Mutual Insurance Co.*, 4 Ont. App. 293.

The notice is also insufficient to authorize a forfeiture of the policy, because it demands payment of more than was due. The company had invited and urged the member to make a deposit for the payment of dues and future assessments.

When the notice of November 28 was sent out, it had $1 of his money on deposit, for which it gave him no credit. In other words, it demanded three dollars, when it was admittedly entitled to but two. But, again, it is insisted that he was bound to know the condition of his deposit account; and, assessments being fixed by the by-laws at two dollars, he should have offered to pay that amount, and failing to do so, his policy was forfeited.

In the first place, the company had not left the keeping of his deposit account to himself, but both by its circular letter and manner of doing business with him, gave him to understand that it would keep the account, and inform him when his deposit was exhausted. Section 8 of the by-laws says:

"Upon receiving notice of dues and assessments, each member shall promptly remit the *amount thereof* to the secretary of the association." This clearly means the amount of which he received notice, and not that fixed by the by-laws, or decided by the member himself to be due.

We think it clear, that a forfeiture of the policy could not be declared until the company had given notice of the correct amount the assured was required to pay. *Eddy v. Phœnix Mutual Life Ins. Co.*, 65 N. H. 27.

In view of the manner in which the case is presented, we do not consider the question, as to whether the notice is valid under our statute properly before us, but we concur in the conclusion of the Appellate Court, that for defects therein above pointed out, the forfeiture was improperly declared. To hold otherwise, would, to say the least, be to place a construction upon the contract of insurance sued upon most favorable to a forfeiture, and that the law will never allow.

By the stipulation heretofore referred to, it was agreed between the parties, that if the defendant is liable at all, plaintiff is entitled to recover the full amount, $4,000, with interest thereon at six per cent per annum from April 5, 1888.

For that amount the Appellate Court has entered final judgment, which, in our opinion, for the reasons stated, should be affirmed.

*Judgment affirmed.*