DOWLING *v.* KNIGHTS TEMPLARS & MASONS' LIFE INDEMNITY CO.[1]

1. MUTUAL BENEFIT SOCIETIES—NOTICE OF ASSESSMENT—FORFEITURE FOR NONPAYMENT.

   Where the constitution of a mutual benefit company provides that any member may make a deposit in advance for the payment of assessments, which money shall not be used by the company for any other purpose, and that, when an assessment is made, a notice shall be sent to members, stating "the amount due from the member to whom the notice is sent," a notice to a member, wherein no credit is given for an advanced deposit which has been made, is invalid, and nonpayment of the assessment does not forfeit the policy.

2. SAME—APPLICATION FOR REINSTATEMENT—WAIVER.

   One whose certificate of membership in a mutual benefit company has been canceled for nonpayment of an assessment, of which he received no valid notice, does not waive the defects in the notice by subsequently offering to pay the assessment, at the same time insisting that he was not in fault.

Error to Muskegon; Russell, J.    Submitted February 1, 1898.    Decided March 29, 1898.

*Assumpsit* by Annie W. Dowling against the Knights Templars & Masons' Life Indemnity Company on a policy of insurance.    From a judgment for plaintiff on verdict directed by the court, defendant brings error.    Affirmed.

[1] Rehearing denied May 24, 1898.

*Bunker & Carpenter,* for appellant.

*Smith, Nims, Hoyt & Erwin* (*Clark Varnum,* of counsel), for appellee.

MONTGOMERY, J.   The defendant is a mutual benefit company, furnishing its members life insurance on the assessment plan.   The plaintiff recovered on a policy issued to her late husband, George E. Dowling.   The defense interposed at the trial was that the policy of Mr. Dowling was forfeited by his failure to pay an assessment claimed to have been made November 1, 1895.   It appears that a notice of a double assessment was mailed to Mr. Dowling on that date, and that the amount demanded was not paid within the time fixed by the notice, — *i. e.*, 10 days; that on the 12th of November an additional notice was sent, stating that unless the amount of $15, the amount due on the assessment, together with 50 cents as charges for the notice, should be paid within 10 days from date, the policy of Mr. Dowling would be canceled.   The payment was not made within the 10 days fixed by this notice.   An offer was made to pay later, but after considerable correspondence the offer was declined.

It is claimed by the plaintiff that the attempt to forfeit the policy was ineffectual for the reasons:

1. That no assessment was in fact made, no entry of an assessment on the books being recorded against the holders of the several policies.

2. That the assessment was attempted by the general manager under authority delegated to him by the board of directors, and that this was an authority which could not be delegated.

3. That there is no authority in the charter for a double assessment.

4. That the claim made in the notice was in any view too large, as Mr. Dowling had on deposit 20 cents, being a balance of money deposited by him to pay assessments, which was not credited on the assessment in question.

In the view which we take of the last question, it will become unnecessary for us to follow the very able argu-

ments of counsel on the other points made.   The constitution of defendant provides that any member may make a deposit in advance for the payment of assessments, which money shall be used for no other purpose by the company. The deceased had at various times acted under this provision, and at the time of the assessment in question there was in the hands of the company 20 cents (possibly $2.20; the proofs are not clear as to the amount) unused.   The article providing for a notice of assessment provides that the notice shall contain a statement of "the amount due from the member to whom the notice is sent."   This precise question has been decided by the supreme court of Illinois in *United States Mut. Acc. Ass'n* v. *Mueller*, 151 Ill. 254.   It appears that a custom similar to that pursued by the deceased in this case had been followed by the assured, who at the date of notice had $1 on deposit.   The notice omitted all mention of this credit, and stated the amount due to be $3.   It was held that the notice was invalid, as not stating the correct amount due.   To the same general effect is *Eddy* v. *Insurance Co.*, 65 N. H. 27 (23 Am. St. Rep. 17).   The authorities are uniform that forfeitures are not favored, and that substantial provisions for the benefit of the assured must be complied with. Nibl. Acc. Ins. & Ben. Soc. 527.   The deceased had the right to stand on the terms of his policy and the constitution.

Defendant's counsel contend that deceased waived the defects in the notice by attempting to be reinstated; citing *Hansen* v. *Supreme Lodge Knights of Honor*, 140 Ill. 301.   In that case the assured acknowledged, in a formal application to be reinstated, that he had been suspended for nonpayment of the assessment in question.   In the present case the correspondence shows that Mr. Dowling was insisting that he was not in fault.   We think that there was no waiver of his right to insist that, before his policy should be forfeited, the company should proceed according to the terms of the policy.

Judgment will be affirmed.

The other Justices concurred.