## Railway Passenger and Freight Conductors' Mutual Aid and Benefit Association v. Anna Leonard.

1. BENEFICIARY ASSOCIATIONS—*Self-Executing By-Laws.*—A by-law of a beneficiary association providing that all members of the association neglecting or refusing to pay any assessments for the period of thirty days from the date of such assessments, shall cease to be members, is self-executing.

2. SAME—*Notice of Assessments—Where the Constitution Requires None.*—Where the constitution and by-laws are silent as to notice, and actual notice is necessary of an assessment, it is the duty of the association to prove that the deceased failed to pay the amount of the assessments for the period of thirty days from the date thereof, and this requires proof that the deceased actually received notice, and failed to pay within thirty days from the date of such receipt.

3. SAME—*Evidence of the Receipt of Notices—Custom.*—Evidence of the secretary of a beneficiary association of the custom of officers of the association in making out notices of assessments and mailing them to members, raises a presumption that a deceased member received his notice and is sufficient to make out a *prima facie* case, so as to throw the burden of showing the contrary on the adverse party.

4. SAME—*Presumptions Arising from a Refusal to Pay Assessments.* —A refusal to pay assessments, of which a deceased member had knowl-

edge, raises a presumption that such deceased member intended to abandon his membership in the association.

5.  WAIVER—*Of Defects in a Notice.*—Where a member of a beneficiary association receives notice of an assessment and neglects to pay or communicate with the association in regard to it, such conduct is in this case to be a waiver of technical defects in the notice.

6.  SAME—*By Intention to Withdraw.*—An intention to withdraw from the association can be shown by conduct as well as by words; and when such intention appears, it must be construed as a waiver of any informality in the notice.

7.  NOTICE—*When One is Sufficient.*—An association is not bound to serve a new and technically perfect notice in order to get off of its roll a member who signifies his intention not to pay any more assessments and to abandon his membership.

**Bill to Compel a Beneficiary Association to Levy an Assessment.** —Trial in the Superior Court of Cook County; the Hon. JOHN BARTON PAYNE, Judge, presiding. Hearing and decree for complainant; appeal by defendant. Heard in the Branch Appellate Court at the March term, 1899. Reversed. Opinion filed April 11, 1899.

PECK, MILLER & STARR, attorneys for appellant.

Complainant's decedent was not a member of the association at the time of his death, therefore complainant can not recover. Hansen v. Supreme Lodge of Knights of Honor, 40 Ill. App. 216, 140 Ill. 301; Royal Templars of Temperance v. Curd, 111 Ill. 289; Ill. Masons' Benevolent Society v. Baldwin, 86 Ill. 479; Van Frank v. U. S. Ben. Ass'n, 158 Ill. 560, 56 Ill. App. 203; Yoe v. Howard Mut. Benevolent Ass'n, 63 Md. 86; Borgraefe v. Knights of Honor, 22 Mo. App. 127; Madeira v. Merchants' Exchange, 16 Fed. Rep. 749; Hawkshaw v. Knights of Honor, 29 Fed. Rep. 770; Brown v. Grd. Council N. W. Ladies of Honor (Iowa), 46 N. W. Rep. 1086; Crawford County Mutual Ins. Co. v. Cochran, 88 Pa. St. 230; Lycoming Ins. Co. v. Rought, 97 Pa. St. 415; Fletcher v. Atlantic Mutual Ins. Co., 33 N. H. 9; Lyon v. Supreme Assembly Royal Society of Good Fellows (Mass.), 26 N. E. Rep. 236.

WILLIAM W. CASE, attorney for appellee.

The burden was upon appellant to establish by clear proof that Leonard's membership was forfeited before his

216 APPELLATE COURTS OF ILLINOIS.

VOL. 82.] Ry. Pass. & Ft. Conductors' Ben. Ass'n v. Leonard.

death., Independent Order Foresters v. Zak, 136 Ill. 185; N. W. Traveling Men's Ass'n v. Schauss, 148 Ill. 304; Railway Conductors' Ass'n v. Loomis, 43 Ill. App. 599; Independent Order Foresters v. Edelstein, 70 Ill. App. 95; Grand Lodge v. Bagley, 164 Ill. 340.

MR. PRESIDING JUSTICE FREEMAN delivered the opinion of the court.

This is a bill by appellee, the widow of Walter T. Leonard, in which she seeks to compel the appellant association to levy an assessment upon its members in order to pay the amount which is claimed to be due her upon her deceased husband's certificate of membership. The association denies liability upon the ground that Leonard had ceased to be a member before his death, by non-payment of assessments. It is conceded that he never paid the two assessments in question, nor any subsequent assessments made during his lifetime. But appellee's contention is, that the non-payment did not terminate the membership, first, because the two assessments in question were illegally levied; second, because the deceased did not receive legal notice of them; and third, because the association had estopped itself from insisting upon forfeiture by having uniformly accepted from him former assessments after the time for payment had expired, and after he had become delinquent for non-payment.

The assessments in question were illegally levied, it is said, because there was then money enough in the treasury to pay the claims for which such assessments were made. This contention is based, in part, upon the following provision in the constitution of the association: "And should the money in the treasury of the association at any time reach the sum of twenty-five hundred dollars in excess of the amounts required from time to time for general purposes, the same shall be appropriated to the payment of the assessments then due, and the members shall be exempt from the payment of said assessments."

There is testimony tending to show that $3,000 was in

the treasury at the time in question, held to meet a claim which the association was then contesting in the courts, and which it was ultimately compelled to pay.  Ry. Conductors' Ass'n v. Robinson, 147 Ill. 138.  That this claim was a valid and subsisting liability, has been determined by the decision of the court of last resort.  That it was strictly within the spirit and meaning if not the exact letter of the constitutional provision, to appropriate so much of this sum as was necessary for the payment of such claim, and of the assessments due for the purpose of meeting it, is not, we think, open to question.  Deducting the amount thus due and held to await the result of that litigation, the balance of money in the treasury did not "reach the sum of $2,500 in excess of the amounts required for general purposes."  It was, at least, not more than $500 all told.  At the time this money had been thus set aside for payment of the Robinson claim, judgment had already been rendered against the association therefor.  An appeal from such judgment was pending.  The appropriation was made for payment of the judgment, provided it should be affirned.  By the constitution, all moneys realized from an assessment over and above the $2,500 to be paid to a member or his heirs on account of death or disability "shall be paid into the treasury of the association for the general purposes of its business."  Says counsel for appellee, "The 'general purposes of its business' are the payment of benefits upon the death or disability of members.  The association has no other general purpose."  The appropriation for the Robinson claim was for such general purpose.  It is only the excess over the amounts required for general purposes which can be appropriated to pay new assessments.

The appropriation to meet the Robinson claim having been duly made, that money was no longer available for the payment of new assessments.  There was, then, not enough money in the treasury subject to appropriation to the payment of assessments then becoming due to exempt members therefrom, and no illegality or invalidity in the assessments in controversy.

218    APPELLATE COURTS OF ILLINOIS.

VOL. 82.] Ry. Pass. & Ft. Conductors' Ben. Ass'n v. Leonard.

Appellee further contends that the deceased was never legally notified of the assessments for non-payment of which the association treated his membership as having terminated before his death.

It is provided in the by-laws, " Any and all members of this association neglecting or refusing to pay any assessments for the period of thirty days from the date of such assessments *shall cease to be members*."

Such provision has been several times held to be self-executing. Ry. Conductors' Ass'n v. Loomis, 43 Ill. App. 599; Hansen v. Supreme Lodge, 40 Ill. App. 216 and 140 Ill. 306.

The constitution and by-laws are silent as to notice, and actual notice was necessary. It is the duty of the association to prove that the deceased failed to pay the amount of the assessments " for the period of thirty days · from the date " thereof, and this requires proof that the deceased actually received notice thereof, and failed to pay within thirty days from the date of such receipt. N. W. T. M. Ass'n v. Schauss, 148 Ill. 304; Ry. Conductors' Ass'n v. Loomis, 43 Ill. App. 599; U. S. M. A. Ass'n v. Mueller, 151 Ill. 254.

That Leonard did receive the usual notice, is not seriously denied. The evidence tends to show that he had been and was acting as local secretary, and as such it had been his duty, upon receipt of blank notices from the grand secretary, to fill them out and send them to those individual members whom he, as such local secretary, directly represented. He is shown to have had the notices of the assessments payable April 1st. He turned them over to a successor of his own voluntary selection as local secretary on or before March 10th.

It is urged, however, by appellee, that there is no proof of the time when they were mailed to him, and no proof of the date when he received them.

It is undisputed that the deceased never paid any assessments after he received said notices. The notice of March 1st required him to pay assessments 265 and 266 on or

before April 1st. If there is no proof that he received it thirty days before the latter date, appellee contends that the notice was invalid, because it required him to pay the assessments before they were due; and if he did not receive the notice before March 10th, it required him to pay within twenty-two days, or thereabouts, whereas he was by the by-laws entitled to thirty days from its receipt.

The clerk who sent the March notices testifies that he filled out those for Leonard; that he knows he wrote them, although he can not say that he recollects " that particular notice any more than any other notice for any other month." There is some evidence tending to show that the notices were mailed the first of every month. Such is the testimony of Leonard's successor as local secretary. He says that " these notices are sent to the local secretaries the first day of every month;" and he also testified specifically in reference to assessment 268, the notice for which is dated April 1st, that he received it " about the 2d of April—1st or 2d, somewhere around there." This testimony, while not directly proving the mailing of the notice to Leonard on the first of the month, tends to show that such was the custom, and when taken with the date of the notice and the fact that it was in Leonard's possession shortly after, raises a considerable presumption that the notice of March 1st was mailed on that day, and that if so mailed, it reached the deceased as soon as the next day, March 2d. This would have allowed thirty days time in which to make payment April 1st, and obviated the objection to the validity of the notice. We think it sufficient to make out a *prima facie* case in this regard.

The point is made that the association has estopped itself from treating the membership as forfeited or as having ceased, because it had been a uniform custom, known to the deceased, to receive payment from members after they were formally deemed delinquent. There might be some force in this, if true, provided the deceased had ever paid or offered to pay the assessments at all. But he never did.

The ground upon which appellee must recover, if at all,

220 APPELLATE COURTS OF ILLINOIS.

VOL. 82.] Ry. Pass. & Ft. Conductors' Ben. Ass'n v. Leonard.

is that the deceased still retained his membership notwithstanding he never paid or offered to pay any subsequent assessments after March 1st, and disregarded two notices, showing that payments were due from him upon four such assessments; and for the reason that said March notice is invalid because it contains the words, "remittance must be made on or before April 1, 1893," and may have been received less than thirty days before that date.

As we have said, we think the evidence, though not conclusive, establishes *prima facie*, that the deceased received the notices as early as March 2d, so as to throw the burden of showing the contrary on appellee.

But the undisputed facts are that deceased turned over his local secretaryship on or before March 10th, having made his last remittance as such secretary March 6th; that he went away, stating to his successor that he did not know what his address would be and leaving none; and that during the remaining four months of his life, he never communicated with the association or its officers in any way. Appellant was thus deprived of any definite method of communicating with him, and its officers were, we think, justified in regarding him as having deliberately chosen to put an end to his membership.

This severance on his part of all relations with the association, and his neglect or refusal to contribute toward its support and to the payment of assessments which he knew had been made for the benefit of the beneficiaries of its deceased members, continued, we think, for such length of time as to make it unreasonable to presume that he did not intend to abandon his membership; and if so, the mere technical defect in the notice ought not to have the effect to compel him to remain, and the association to retain him as a member against his will, in violation of the purposes and objects of the organization. The association can only pay rightful claims for benefit money while its members keep up the payment of their dues and assessments levied for that purpose. To say that a member may decline absolutely to perform those duties of membership without the

performance of which the association must cease to exist, and still hold the association to its obligations to him, while he willfully refuses to comply with his own obligations, and indicates by his conduct an intention to persist in such refusal, would be to violate the letter and spirit of the constitution and by-laws of the organization. The deceased is shown to have received two separate and distinct notices of assessments—those for March and April. He never paid or offered to pay either or any of them, and thereafter neither communicated with or received communications from the association. We think this must be held as a waiver of any technical defect in the notice and that he had ceased to be a member pursuant to the provisions of the by-laws, at the time of his death in July.

It is true that where there has been no waiver, a notice which requires payment at a date less than thirty days from the time of its service upon and receipt by the member, is under regulations like those governing this association, invalid. But the cases which so hold are based upon a state of facts differing from those before us. In U. S. Mut. Acc. Ass'n v. Mueller, 151 Ill. 254, no other assessment had been levied subsequent to that, the notice of which was defective, prior to the death of the assured. He had on deposit with the association a part of the money required to meet the assessment. The notice was also invalid because it demanded payment of more than was due, and there was no evidence of intention on the part of the assured to abandon his membership.

In Ry. Cond. Ass'n v. Loomis, 43 Ill. App. 599, it is said: "The appellant was unable to prove sufficient notice to Loomis, and is, therefore, without defense upon that point. He was, for aught this record shows, a member in good standing when he died." There was "nothing showing, to any reasonable degree or certainty, that he received" the notice. The case was subsequently reversed by the Supreme Court upon other grounds. (142 Ill. 560.)

In Life Ins. Co. v. Palmer, 81 Ill. 88, the assured died before the expiration of thirty days from the date when he received the notice.

222    APPELLATE COURTS OF ILLINOIS.

VOL. 82.]    Ry. Pass. & Ft. Conductors' Ben. Ass'n v. Leonard.

In Frey v. Wellington Mutual Ins. Co., 4 Ontario Appeals, 293, 299, the court says the statute required the time of payment to be stated in the notice, and so impliedly required the named day to be at least thirty days subsequent to the mailing.

The evidence is before us that the deceased received one notice, and doubtless received also the two subsequent notices of the assessments of March 1st and April 1st, which are now in appellee's possession and are produced by her counsel. He paid no attention to them. He was marked as delinquent, April 1st, on the books of the association, and the secretary testifies that the entry to that effect was made about the 7th or 8th of April.

If the notice was defective in any respect, it was in the power of the deceased to waive the defect if he chose to do so. He could withdraw from the association when he saw proper. "He could keep his assessments paid up or not, as he chose." Hansen v. Supreme Lodge Knights of Honor, 140 Ill. 301, 306; Van Frank v. U. S. Ben. Ass'n, 158 Ill. 560, 566.

In this last cited case there was testimony to the effect that the assured, when notified, said the assessment was getting too heavy for him and he had concluded to drop it. The court says:

"It was in the power of the assured to deprive the beneficiary of any interest, and his declaration that he no longer intended to pay assessments, when shown in connection with the fact that he failed to pay an assessment within the time required, whereby the policy lapsed, was competent evidence."

An intention to withdraw from the association can be shown by conduct as well as by words; and when such intention appears, it must be construed as a waiver of any defect or informality in the notice. We have not been referred to any case which holds that the association is bound to serve a new and technically perfect notice in order to get a member off its roll, who signifies his intention not to pay any more assessments and to abandon his membership. The law requires no such useless procedure.

In view of what we have said, it is not necessary to consider other errors assigned.    We are of opinion that under the evidence before us, the association was justified in treating the assured as having chosen to abandon his member-ship.

It being apparent that all the material evidence obtainable by either party is in this record, and that no better case can be made upon another hearing, the decree of the Superior Court will be reversed without remanding.

Mr. Justice SHEPARD took no part.