HANNAH HANSEN

v.

THE SUPREME LODGE KNIGHTS OF HONOR.

*Filed at Ottawa January 18, 1892.*

140 301
158 566
140 301
56a 206
140 301
70a 97
140 301
82a 218
82a 222
140 301
92a 4365
140 301
99a 2148
99a 2550
f99a 3551
140 301
101a 2484
101a 1485
140 301
e199 1231
140 301
h105a4479

1. BENEFIT SOCIETY—*notice of assessment—sufficiency.* A notice from a subordinate lodge of Knights of Honor to a member, of an assessment, was as follows: "Jan. 26, 1886. Dear Sir and Bro.:—Assessment No. 175, amounting to $......, is now due and must be paid within thirty days from this date. ............, Reporter,"—to which was affixed the seal of the lodge. The member's assessment was one dollar, as fixed at his admission. The envelope containing this notice was addressed to the member at his residence, and the notice was received by him, and he failed to pay the one dollar due from him, for which failure he was suspended: *Held,* that the notice to him was sufficient to justify his suspension. The omission of the member's name in the notice, and that of the reporter, was not considered as a substantial defect.

2. SAME—*waiver by member, of defects in notice of assessment—binding on beneficiary.* A member of a mutual aid society may waive defects and informalities in the notice of assessments on the death of members, and such waiver will be binding on his beneficiary, when such beneficiary has no vested right to receive compensation on such member's death; and when a member suspended for non-payment of an assessment applies for re-instatement without making any objection to defects in the notice of such assessment, this will be treated as a waiver of defects in the notice to him of the assessment.

3. Where the payment of money on the death of a member of a mutual benefit society depends upon his good standing at his death, and where he had the right to surrender his certificate and take another payable to a different person, or refuse to pay assessments and thereby forfeit his membership, he may waive an informality in a notice of an assessment for the non-payment of which he is suspended, and such waiver will be binding on his beneficiary.

4. SAME—*subordinate lodge—rules concerning dues and fines construed.* By the laws of a mutual benefit society or order each member was required to pay all assessments made by the supreme grand lodge within thirty days after notice, under pain of suspension and forfeiture of all rights. By the laws of the subordinate lodge a member was liable to the payment of dues and fines, and was entitled to five dollars per week when sick, and he could not become in arrears for dues and fines when sick, as they were required to be taken out of his weekly benefit: *Held,* that under these laws the sickness of a member, and his right to,

---

---

weekly benefits, did not relieve him from his obligation to pay assessments by the supreme grand lodge, and that his sick benefits could not be applied to their payment, such application being confined to the dues and fines of the subordinate lodge.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. R. W. CLIFFORD Judge, presiding.

Mr. H. B. STEVENS, for the appellant:

The pretended notice is not in manner and form as prescribed by appellee's laws, and therefore is bad, and ought not to have been admitted in evidence. Bacon on Benefit Societies, p. 568, secs. 377-380; *Supreme Lodge v. Johnson,* 78 Ind. 110; *Benefit Ass. v. Spies,* 114 Ill. 467; *Seibert v. Chosen Friends,* 23 Mo. App. 268; *Supreme Lodge v. Schmidt,* 98 Ind. 374.

Messrs. ASHCRAFT & GORDON, for the appellee:

The assessment notice was sufficient. *Karcher v. Supreme Lodge,* 137 Mass. 368.

Hansen was not entitled to have sick benefits applied in payment of assessments. *Hawkshaw v. Supreme Lodge,* 29 Fed. Rep. 770; *A. O. U. W. v. Moore,* 9 I. L. J. 539; *Eaton v. Supreme Lodge,* 22 id. 580.

He waived all information, if any existed. *Smith v. Benefit Society,* 51 Hun, 575; *Aveson v. Lord Kinnaird,* 6 East, 188; *Hollister v. Insurance Co.* 118 Mass. 478.

Hansen's only remedy for any supposed wrong was by appeal in the order. *Karcher v. Supreme Lodge,* 137 Mass. 368; *Rood v. Benefit Ass.* 31 Fed. Rep. 62; *Chamberlin v. Lincoln,* 129 Mass. 70; *Lafond v. Deems,* 81 N. Y. 507; *Robinson v. Yates City Lodge,* 86 Ill. 598.

Hansen was not in good standing. *Rood v. Benefit Ass.* 31 Fed. Rep. 62; *Royal Templars of Temperance v. Curd,* 111 Ill. 284; *McMurray v. Supreme Lodge,* 18 C. L. J. 372; *Hawkshaw v. Supreme Lodge,* 29 Fed. Rep. 770; *Karcher v. Supreme Lodge,* 137 Mass. 368.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an action brought by Hannah Hansen, against the Supreme Lodge Knights of Honor, upon the following certificate executed by the defendant at Wooster, Ohio, on the 11th day of July, 1881:

"The Supreme Lodge Knights of Honor issues this certificate to Gilbert Hansen, a member of Wicker Park Lodge No. 1967, located at Chicago, Illinois, upon evidence received from said lodge that he has lawfully received the degree of manhood, and is a contributor to the widows and orphans' benefit fund of this order; and upon condition that the statements made by said member in his petition for membership, and the statements made by him to the medical examiner, be made a part of this contract, and upon condition that said member complies with the laws, rules and regulations now governing this order or that may hereafter be enacted for its government, and is in good standing at the time of his death, the said supreme lodge hereby agrees to pay out of the widows and orphans' benefit fund, to his wife, Hannah Hansen, the sum of two thousand dollars, in accordance with and under the laws governing this order, upon satisfactory evidence of the death of said member, and the surrender of this certificate: *Provided,* that this certificate shall not have been surrendered by said member or canceled at his request, and another certificate have been issued in accordance with the laws of this order."

To the declaration the defendant pleaded the general issue, and that Gilbert Hansen was not in good standing at the time of his death. Upon the issues presented a trial was had, resulting in a judgment in favor of the defendant, which, on appeal, was affirmed in the Appellate Court.

Gilbert Hansen died in May, 1886. The organization of which he was a member consists of a supreme lodge, grand lodges and subordinate lodges. The laws of the order provide

for making assessments on members for the maintenance of the benefit fund, and for notice of such assessment from the supreme lodge to the grand lodge, and from the grand lodge to the subordinate lodges, and from the latter to the respective members.  On the 26th day of January, 1886, an assessment, No. 175, was levied by the defendant upon the members, as required by the laws of the order, and under the laws the time for payment expired on the 25th day of February.  The subordinate lodge of which Hansen was a member sent to Gilbert Hansen's address a notice of assessment No. 175, which was received by him on or about January 26, 1886.  The notice was substantially as follows:

"JANUARY 26, 1886.

"DEAR SIR AND BRO.—Assessment No. 175, amounting to $................., is now due, and must be paid within thirty days from this date.

(Seal.)                      ...............................................*Reporter.*"

This notice was admitted in evidence against the objection of the plaintiff, and it is claimed that the ruling of the court was erroneous.  It is not controverted that the notice was enclosed in an envelope directed to Gilbert Hansen at his residence, and received by him, but the notice was objected to on the trial because it was not directed to Gilbert Hansen, and was not signed by the reporter of Wicker Park Lodge.  The laws of the order do not prescribe any form of notice to be given.  They merely provide that each member shall be at once notified, by the reporter of his lodge, of said assessment, and that the notice shall be in proper form, and official.  We do not regard either of the objections to the notice well taken.  When Hansen received the notice, enclosed in an envelope addressed to him by name, he was as fully apprised that the notice was intended for him as if his name had been written on the notice itself.  The seal of the lodge was affixed to the notice, and the absence of the reporter's signature to the notice was not a substantial defect.  It purported to be issued by the

reporter, under the official seal of the lodge, and as the laws did not require his signature, its omission could not mislead any one. Indeed, it is nowhere claimed that Hansen was misled, or that he was not apprised by the notice that it was his duty to pay an assessment of one dollar within a given time.

A notice of this character was before the Supreme Court of Massachusetts in *Karcher* v. *Supreme Lodge Knights of Honor,* 137 Mass. 368, where the seal was omitted, and in passing upon the sufficiency of the notice the court said: "There is no evidence that Karcher was misled by the notice, or that it was not in all respects as effectual in giving him information as if it had contained an actual impression of the seal of the lodge. So far as appears, this defect in the notice, if it was a defect, was immaterial." What is said in the case cited applies here.

But if the notice was defective in the respect mentioned, Hansen might waive the defect, and if he did so, no objection can now be interposed by plaintiff to the form of the notice. The record of the lodge showed that Hansen was suspended on February 25, 1886, and for the purpose of proving a waiver the defendant put in evidence a petition executed by Hansen, dated March 23, 1886, which he presented to the lodge on the day of its date, and asked to be re-instated. In the petition Hansen recited that he had been suspended for non-payment of assessment No. 175, and requested to be re-instated under section 3 of article 7 of the subordinate lodge constitution. In the application for a re-instatement no objection was made to the notice or any of the proceedings which led to the suspension, and in the absence of objection to the notice when Hansen had an opportunity to make an objection, if any existed, it will be presumed that all objection was waived.

But it is insisted that the court erred in admitting the petition in evidence as against the plaintiff, who was a beneficiary, to recover the amount of the policy. At the time the petition was presented the plaintiff had no valid interest in the policy.

20—140 ILL.

It belonged to Hansen and was under his exclusive control. Under the rules and regulations of the lodge he had the right to change the beneficiary at pleasure. Moreover, the plaintiff's rights as a beneficiary depended entirely upon Hansen's membership in the lodge, and the question of membership was one resting exclusively between Hansen and the lodge. He could withdraw from the lodge when he saw proper. He could keep his assessments paid up or not, as he chose. He could ask for a re-instatement or could exercise the right of appeal from an order of the lodge, if he desired. Any or all of these things he was at liberty to do without consulting his beneficiary. If, therefore, Hansen could withdraw from the lodge, and thus defeat all rights his wife might have in the policy, or refuse to pay assessments and forfeit his membership, which would result the same way to her, it is plain he had the right to waive an informality in the notice of an assessment.

As has been observed, Hansen failed to pay the assessment, and died May 9, 1886. The law of the order which controls where a member has failed to pay an assessment, provides: "Each member shall pay the amount due within thirty days from the date of such notice, failing which he shall stand suspended, and shall not be entitled to the benefits of the widows and orphans' benefit fund until he has been duly re-instated in his subordinate lodge, in accordance with the laws of the order." Under this law of the order, Hansen, on account of his failure to pay assessment No. 175, became and was suspended. His failure avoided the certificate, as he was not in good standing, but stood suspended. By the terms, therefore, of the certificate upon which the action was brought, plaintiff could not recover.

But it is contended that Hansen, when notified to pay the assessment, was sick, and under the laws of the order he was entitled to sick benefits, which amounted to the sum of $25, as shown by the books of Wicker Park Lodge, and that the lodge was bound to apply so much of such benefits as might.

be required to liquidate the assessment, and that the court erred in refusing to allow evidence offered to sustain this position. In passing upon this question the Appellate Court said:

"The order has two sets of laws or constitutions, which latter term is applied in the printed pamphlet containing them: First, the constitution which governs the supreme lodge and provides for instituting grand and subordinate lodges defines their powers. This constitution provides for the widows and orphans' benefit fund, fixes amount of assessments according to age of member, prescribes the notice, and declares the suspension for non-payment. Second, the constitution governing subordinate lodges, article 7 of which provides that each member of such lodge shall pay, as dues, such sum as shall be prescribed by the by-laws, provides for suspension for failure to pay dues or fines, and for re-instatement of member suspended. Section 4 of said article relates to sick benefits, and provides that the subordinate lodge may pay sick benefits, may regulate by by-law the amount thereof, and declares 'any member who may be taken sick or become disabled while in arrears to this lodge for dues or fines, can not, by paying the same, become a beneficiary or receive benefits during said sickness or disability, nor can a member who is beneficiary and receiving benefits, become in arrears so as to debar him from them, the dictator being authorized to pay the financial reporter, from the amount drawn from his weekly benefits, a sum sufficient to prevent his becoming in arrears.' This has manifest reference to the dues that may become payable to the subordinate lodge. The word 'arrears' is nowhere in the laws of the order applied to unpaid assessments. A member is never referred to as being in 'arrears' on assessments. A member must pay his assessment within thirty days from the date of notice, 'failing which he shall stand suspended.' But 'any member who may become in arrears for dues or fines shall not vote or hold office, or be entitled to benefits, though his assessments may have been all promptly paid, and when

six months in arrears for dues or fines he shall stand suspended,' though he owes nothing on assessments.  *  *  *

"Dues and fines and sick benefits are matters within the control of the subordinate lodge, and a member beneficiary that is entitled to sick benefits is not to become in arrears for dues and fines while receiving them. Such dues and fines, if any accrue during such period, are to be deducted from the amount of his sick benefit. The arrears that are to be prevented by such deductions are not 'arrears' for assessments, for no such arrears are known to the law of the order, and the dictator has no authority to pay anything which, if not paid, would not put the member in arrears. The widows and orphans' benefit fund and the sick benefit fund are entirely separate,—not blended with or dependent upon each other,—and a member, while drawing sick benefits, in full accordance with the laws governing that fund, may be cut off from his rights in the order by a suspension for failure to pay an assessment.

"This view of the laws of this order has been taken in two cases, each decided by a circuit judge of the United States court,—*Hawkshaw* v. *Supreme L. K. of H.* 29 Fed. Rep. 770, and *Eaton* v. *Same*, 22 C. L. J. 560. It is claimed, however, that the opinions were mere *obiter*, as the question was not in either case. However that may be, the views announced by the learned judges are sound, and we cite the cases with approval, though without relying on them we should come to the same conclusion which they reached."

We think the Appellate Court placed the correct construction on the laws of the lodge, and upon the grounds stated by the court the offered evidence of the plaintiff was properly excluded. As the plaintiff was not entitled to recover on the certificate upon which the action was brought, the court properly instructed the jury to find the issues for the defendant.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*