Cronin v. Supreme Council of the Royal League.

---

## Margaret Cronin, Adm'x, etc., v. Supreme Council of the Royal League.

101    479
r199s  228

1. BENEFICIARY SOCIETIES—*Waiver of Defects in the Notice of an Assessment.*—A member of a beneficiary society who receives a notice of an assessment and does not object to a formal defect in such notice at the time will be presumed to have waived it.

Assumpsit, on a certificate of a beneficiary society.   Appeal from the Circuit Court of Cook County; the Hon. EDMUND W. BURKE, Judge, presiding.   Heard in the Branch Appellate Court at the March term, 1901.   Affirmed.   Opinion filed April 4, 1902.

JAMES F. BOLAND and DEWITT C. JONES, attorneys for appellant.

MILLARD R. POWERS, attorney for appellee.

MR. JUSTICE SHEPARD delivered the opinion of the court.
This is a suit in assumpsit brought by the appellant against the appellee on a benefit certificate issued by the appellee to Phillip P. H. Cronin, promising to pay to John

J. Cronin, his brother, a sum not exceeding $2,000 upon the death of the said Phillip P. H. Cronin, in good standing as a member of the order.

The facts in the record show that Phillip P. H. Cronin was a member of the Royal League in good standing at the time of his death, unless he had forfeited his membership by reason of having failed to pay an assessment known as No. 17, levied under date of January 1, 1889.

At the trial, a stipulation of facts was entered into and read in evidence, as follows:

" That said Phillip P. H. Cronin was admitted to membership in Columbia Council No. 7 Royal League on February 18, 1886, and that a certificate of membership was issued to him by defendant as alleged in said amended declaration. That said Phillip P. H. Cronin died May 4, 1889. That said Phillip P. H. Cronin prior to admission to defendant order, signed his certain application for membership on, to wit, November 20, 1885, in which it was provided, among other things, as follows:

' I do hereby consent and agree that my suspension or expulsion from, or voluntary severing my connection with the order (meaning the Royal League) shall forfeit the right of myself and family or dependents to all benefits and privileges therein. I agree to make punctual payments of all dues and assessments for which I may become liable, and to conform in all respects to the laws, rules and usages of the order (meaning the defendant) now in force or which may hereafter be adopted by the same.'

That an assessment (numbered 17) for the payment of death benefits was duly and legally levied upon said Phillip P. H. Cronin on January 1, 1889, and that Columbia Council No. 7, of which said Cronin was a member, was duly notified of the same. That the amount due from said Phillip P. H. Cronin on said assessment was $1.31. That said Phillip P. H. Cronin accepted the benefit certificate issued by defendant, subject to all the conditions therein specified. That he had been a member of the Supreme Council and a subordinate medical examiner prior to 1889.

That on January 1, 1889, and up to April 1, 1889, there was in full force and effect a by-law of defendant governing the collection of assessments and payment thereof by its members, in figure and form as follows:

' Sec. 8. (1.) Page 27. The subordinate council having

Cronin v. Supreme Council of the Royal League.

been notified by the supreme scribe that an assessment has been laid, it shall, be the duty of the collector at once to notify every member liable to an assessment.'

' (2.)   This assessment notice shall bear the official stamp of the collector, or the seal of the council, and shall be in accordance with a form prescribed by the supreme council, and its date shall be the same as that of the notice received from the supreme scribe.  This notice may be mailed to or left at the last known postoffice address or residence of a member, or handed to him in person.  Each member shall notify the collector of any change of the address to which such notice shall be forwarded.  If the notice is left at or mailed to the last given address of a member, it shall be sufficient notice to him.'

Each member shall pay the amount due on the notice of the collector within thirty days of the date of such notice, and every member failing to pay such assessment within thirty days shall stand suspended from the order and all benefits thereof.  The collector shall immediately notify the archon of the date of such suspension and the archon shall announce the suspension and date thereof at the next meeting of the council, provided that a council may authorize the payment of a member's assessment as a loan or gift from its general fund, but such payment must be made to the collector within the thirty days prescribed in the call.

Page 56, Sec. 1, provides, among other things, that the archon shall declare in open council such members suspended as are in arrears for assessments or more than six months in arrears for dues.

That John J. Cronin, the beneficiary named in said benefit certificate, died on July 5, A. D. 1900, and that letters of administration with the will annexed were issued to Margaret Cronin, the plaintiff herein, on the 6th day of August, A. D. 1900, and that defendant waived profert of the same.

That on May 4, 1889, one-half of one Widows and Orphans' Benefit Fund assessment on the total membership of said defendant would amount to more than $2,000.

That defendant by its refusal on August 25, 1890, to pay the amount called for in said benefit certificate, waived notice and proofs of death of said Phillip P. H. Cronin.

That election day in April, 1889, fell on the 2d day of the month.

That the printed pamphlet marked ' Plaintiff's Exhibit

B' is a correct copy of the constitution and laws of said Supreme Council of the Royal League, and that the same were in full force and effect up to April 1, 1889.

That either party to this action may read as evidence in the trial of this cause any portion of said Exhibit B that is not set out in this stipulation without further proof of the authenticity of the same.

That the defendant (commonly called the Royal League) is one of that class of societies or associations known as fraternal benefit societies, containing a lodge system, and organized and existing under the laws of the State of Illinois governing such societies, and that the said Columbia Council No. 7 is one of the subordinate councils of the defendant."

Besides the stipulated facts, other evidence was heard, from which it is made to appear that the only delinquency on the part of Cronin, on account of which his membership is claimed to have become forfeited, was in the matter of assessment No. 17.

It is not claimed he ever paid, or that anybody ever paid for him, all or any part of that assessment.

Concerning that assessment, it is stipulated to have been duly and legally levied and that the council of which Cronin was a member was duly notified thereof.

One of the conditions embodied in the benefit certificate that was issued to Cronin, is that " the said member complies in future with the laws, rules and regulations now governing the said council and fund, or that may hereafter be enacted by the Supreme Council to govern said council and fund; " and in his application for membership he agreed to make punctual payments of all dues and assessments for which he might become liable and " to conform in all respects to the laws, rules and usages of the order (meaning the appellee) now in force or which may hereafter be adopted by the same."

The granting of the certificate of membership to Dr. Cronin was evidence of his good standing when it was issued, and the presumption is that such good standing continued to exist until the contrary is proven, and the burden of proving the loss of good standing rests upon the society. Independent Order, etc., v. Zak, 136 Ill. 185.

The laws of the order concerning the payment of assessments undoubtedly made non-payment of the assessment within thirty days of its levy a cause of forfeiture.

A by-law of the appellee which was in force on the day assessment No. 17 was made, and so continued until after Cronin died, provided that "each member shall pay the amount due on the notice of the collector within thirty days of the date of such notice, and every member failing to pay such assessment within thirty days, shall stand suspended from the order and all benefits thereof."

This was one of the by-laws that Cronin agreed to in his application for membership, and was one of the conditions referred to in his certificate of membership.

But it is urged that the notice given to him of the assessment was invalid, and he was not bound thereby, because it lacked the seal of the subordinate council, or stamp of the collector, and further, because thirty days did not intervene between the service of the notice and the time when payment of the assessment was required to be made.

It is not denied, and the evidence showed, that the notice contained no impress of a seal or stamp, or *fac simile* of one, although, as appears by the certificate of membership issued to Cronin, the subordinate council had a seal.

The by-law concerning the form of assessment notice and its date is as follows:

" This assessment notice shall bear the official stamp of the collector, or the seal of the council, and shall be in accordance with a form required by the Supreme Council, and its date shall be the same as that of the notice received from the Supreme Scribe."

Conceding that a seal or stamp, or *fac simile* thereof, was necessary in order to establish the authenticity of the notice, for the protection of the members to whom the notice might be sent, it was, we think, a requirement that was within the power of the member to waive.    The evidence shows that Cronin, when subsequently spoken to by the collector concerning the assessment, made no objection to the form of notice admitted by him to have been received, but confined his objection to paying it, to the simple fact

that he did not intend to remain a member of the order. This was sufficient to go to the jury on the fact as to whether the notice was such as was required by the by-laws, or had been waived.

It is said in the Hansen case, 140 Ill., at page 305:

"In the application for a re-instatement no objection was made to the notice or any of the proceedings which led to the suspension, and in the absence of objection to the notice when Hansen had an opportunity to make an objection, if any existed, it will be presumed that all objection was waived."

On the further question that the notice of the assessment was invalid, because thirty days did not intervene between the service of the notice and the time when the assessment was, by the terms of the notice, required to be made, there seems to be some conflict in the authorities of this State.

The notice that was sent to Cronin bore date January 1, 1889, and says:

"You are hereby notified that assessment No. 17, amounting to $1.31, is now due and payable within thirty days from the above date.

Thirty days expire Jan. 31, 1889.

E. G. INGERSOLL, Collector."

According to the testimony of the collector, he received from the supreme scribe the notices for assessment No. 17 two or three days after their date, January 1, 1889, and, probably, filled them out and mailed them some time between the fifth and eighth of January, 1889. Cronin certainly did not get his notice before it was received by the collector and was filled out and mailed. Whenever he did receive it, therefore, thirty days did not intervene between its receipt and the date on which payment was demanded. Was it necessary that thirty days should so intervene, or was it enough that the notice was received by Cronin at any time after the assessment was due and before the date named for its payment?

It is said in U. S. M. A. Association v. Mueller, 151 Ill. 254, that "it is settled by Life Insurance Company v. Palmer, Adm'r, 81 Ill. 88, that he (the member) was entitled to thirty days from that date (date of service of the notice,

and not the date of the writing) in which to make payment." That case was like this one, the by-laws providing that payments are to be made within thirty days from the date of the notice thereof.

In Hansen v. Supreme Lodge, 140 Ill. 301, it is, however, held that a member who failed to pay an assessment levied under a law of the order substantially like the one now under consideration, and of which notice was given in substantially the same language as the notice given in this case, stood thereby suspended, and there could be no recovery upon the certificate sued on.

If there were no other reason for affirming the judgment than by reconciling these apparently inharmonious decisions, we should be disposed to follow the holding in the last case referred to, in order (if for no other reason) to give the parties an opportunity to obtain a review by the Supreme Court at as early a day as possible.

But we regard there was a waiver by Cronin of all objections to the notice in the matter of time within which he should pay, for the same reasons already stated, with reference to the lack of seal or stamp on the notice. It was Cronin's right to waive such irregularities. He could keep his assessments paid up or not, as he chose, or he could withdraw from the order when he saw proper.

" If, therefore, (Cronin) could withdraw from the lodge, and thus defeat all rights his (beneficiary) might have in the policy, or refuse to pay assessments and forfeit his membership,   *   *   *   it is plain he had the right to waive an informality in the notice of an assessment." Hansen v. Supreme Lodge, *supra*.

The evidence from which this waiver may be deduced was clearly competent. Van Frank v. United States Masonic Benevolent Association, 158 Ill. 560.

The other points argued by appellant seem to be all controlled by the one of waiver, and we will not take time to discuss them.

The instructions given to the jury, so far as argued, were as favorable to the appellant as could be desired, and the verdict ought not to be disturbed.   Affirmed.