MARGARET CRONIN, Admx.

*v.*

THE SUPREME COUNCIL OF THE ROYAL LEAGUE.

*Opinion filed October 25, 1902—Rehearing denied December 5, 1902.*

1. BENEFIT SOCIETIES—*when notice of assessment is void.* If a by-law of a benefit society requires notices of assessment to bear the official stamp of the collector or the seal of the council, a notice bearing neither stamp nor seal is void.

2. SAME—*effect where by-law requires thirty days' notice of assessment.* If the by-laws of a benefit society provide that payment of assessments shall be made within thirty days of the date of such notice, and not from the date of writing the same, a member will not be. in default until thirty days from the time he receives the notice or from the time it would reach him by due course of mail.

3. WITNESSES—*member of benefit society incompetent to testify against administrator of beneficiary.* A member of a benefit society is incompetent to testify in behalf of the society in a suit on a benefit certificate by the personal representative of the beneficiary.

*Cronin* v. *Supreme Council Royal League,* 101 Ill. App. 479, reversed.

WRIT OF ERROR to the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. E. W. BURKE, Judge, presiding.

JAMES F. BOLAND, and JONES & LUSK, for plaintiff in error.

. MILLARD R. POWERS, for defendant in error.

Mr. JUSTICE WILKIN delivered the opinion of the court:

This was an action of assumpsit by plaintiff in error, against defendant in error, on a benefit certificate issued by defendant in error to Philip P. H. Cronin for the benefit of his brother, John J. Cronin. The defense was that the insured was not in good standing in the order at the time of his death, (which occurred May 4, 1889,) by reason of his failure to pay assessment No. 17, regularly levied, and due notice thereof given him on January 1, 1889. Replications to the pleas setting up said defense were filed, denying that notice of the assessment was given in conformity with the requirements of the by-laws of the society. Issue was joined on the replications and the cause tried by a jury. Verdict being rendered for the defendant and judgment entered thereon, plaintiff appealed to the Appellate Court for the First District, and the case was there assigned to the branch of that court, which affirmed the judgment below, and the plaintiff brings the case here by writ of error.

One of the errors of law urged as a ground of reversal is the refusal of the trial court to give certain instructions asked by the plaintiff.

It was stipulated by the parties upon the trial, among other things, that on January 1, 1889, and up to April 1 of that year, there was in full force and effect a by-law of defendant governing the collection of assessments and payment thereof by its members, in figure and form as follows:

"Section 8. (1) The subordinate council having been notified by the supreme scribe that an assessment has been laid, it shall be the duty of the collector at once to notify every member liable to an assessment. (2) This assessment notice shall bear the official stamp of the collector or the seal of the council, and shall be in accordance with the form prescribed by the supreme council, and its date shall be the same as that of the notice received from the supreme scribe. This notice may be

mailed to or left at the last known post-office address
or residence of a member, or handed to him in person.
* * * Each member shall pay the amount due on the
notice of the collector within thirty days of the date of
such notice, and every member failing to pay such as-
sessment within thirty days shall stand suspended from
the order and all benefits thereof."

It was further stipulated that John J. Cronin, the
beneficiary named in the certificate, died on July 5, 1900,
and that letters of administration with the will annexed
were duly issued to plaintiff on the 6th day of August of
that year, and that defendant waived profert of the same;
that defendant, by its refusal on August 25, 1900, to pay
the amount called for in said benefit certificate, waived
notice and proof of death of said Philip P. H. Cronin.

The evidence tended to prove that notice of assess-
ment No. 17, dated January 1, 1889, was mailed to Philip
P. H. Cronin from the 5th to the 8th, addressed to his last
known post-office or residence, but it was shown without
dispute that such notice had upon it neither "the official
stamp of the collector or the seal of the council." The
by-laws required the notice to bear such official stamp
or seal. The requirement is a substantial one, and the
officer giving the notice had no right to dispense with it.
"If a prescribed form of notice is provided for in the by-
laws of the association or the contract of membership,
such form must be followed in order to be binding on the
member." (3 Am. & Eng. Ency. of Law,—2d ed.—1097.)
There was no conflict in the evidence as to the fact that
the notice was not mailed earlier than the fifth day of
January, 1889, and the collector whose duty it was to give
the notice, and who did give it, testified that 'it might
have been as late as the 8th of that month. The notice
stated on its face, "thirty days expire January 31, 1889."
Where there is no provision in the constitution and by-
laws of such society to the effect that the service of no-
tice shall date from the time of mailing, it can only date

from the time of its actual receipt by the member to whom it is addressed, or at least until sufficient time has elapsed to enable it to reach him in due course of mail. (*Northwestern Traveling Men's Ass.* v. *Schauss*, 148 Ill. 304.) Where the by-laws of an accident association provide that payment of assessments shall be made within thirty days from the date of the notice thereof, and not the date of writing the same, a member will not be in default of payment until thirty days from the time he receives the notice, or from the time it would reach him by due course of mail. (*United States Mutual Accident Ass. of New York* v. *Mueller*, 151 Ill. 254.) "Where assessments are required to be paid within a stated time after notice, such time should be computed from the receipt of notice, excluding the date of receipt,—not from the date of the notice or the date of mailing or the date of assessment, unless clearly so provided in the contract." 3 Am. & Eng. Ency. of Law, 1101, note 4, citing numerous authorities, including *Protection Life Ins. Co.* v. *Palmer*, 81 Ill. 88.

The evidence in this case forcibly illustrates the wisdom and justice of this rule. The member was by the by-laws entitled to thirty days' notice of the assessment. The collector made no attempt to give him to exceed twenty-five days. If he could withhold the mailing of the notices for five days after the date, and the society could still insist that the thirty days began to run from the date of the written or printed notice, it might with equal propriety and justice to the member be withheld for any other number of days.

It is contended that *Hansen* v. *Supreme Lodge Knights of Honor*, 140 Ill. 301, lays down a different rule. We do not so understand that case. There the notice was dated January 26, 1886, and received by the member on the same day, and required payment "within thirty days from this date." It was not signed by any one. In the decision of the case we said (p. 304): "It is not controverted that the notice was enclosed in an envelope directed to Gil-

bert Hansen at his residence, and received by him, but the notice was objected to on the trial because it [*i. e.*, the printed notice,] was not directed to Gilbert Hansen and was not signed by the reporter of Wicker Park Lodge." No other objection to the notice was made, considered or decided. It is further said in note 4, *supra*, (Am. & Eng. Ency. of Law): "It may be said, generally, that the computation of time should be so made as to protect a right and prevent a forfeiture, if this can be done without violating a clear intention or positive provision,"—citing authorities. And this is in conformity with the universal doctrine that forfeitures are never favored.

The plaintiff asked, but the court refused to give, instruction No. 5, as follows:

"In this case, although you may find, from the evidence, that notice of assessment No. 17 was sent or handed to Philip P. H. Cronin, yet if you further find, from the evidence, that such notice did not bear the stamp of the collector or the seal of the council, then such notice was void and no forfeiture could be declared for failure to pay said assessment based upon such a notice."

Plaintiff also asked, and the court refused to give, instruction No. 6, as follows:

"Although you may believe, from the evidence, that a notice of said assessment dated January 1, 1889, was mailed to the last known post-office address or residence of Philip P. H. Cronin, yet unless you further find, from the evidence, that said notice was mailed so that it would in due course of mail reach the place to which it was addressed on the first day of January, 1889, such notice was invalid."

Several other instructions to the same effect as the sixth were asked and refused. From what we have said as to the law applicable to the giving of notice of assessments by beneficiary associations it is clear that the refusal of these instructions was error. The fifth, we think, stated a plain principle of law applicable to the facts of

the case.   The sixth was as favorable to the defendant as it had a right to ask.   None of the instructions given construe the by-laws of the association.   The most that can be claimed is, that some of them inform the jury as to their language.

The Appellate Court, in affirming the judgment of the court below, did not hold the notice valid, but decided that under the evidence Philip P. H. Cronin had waived the defects herein pointed out.   That conclusion is based upon the testimony of the collector of the defendant, Edmund G. Ingersoll.   When called as a witness on its behalf he was asked by counsel for the plaintiff, "Are you still a member of the Royal League?" and answered, "Yes, sir."   Plaintiff thereupon objected to his testifying to any conversation had with Dr. Cronin, on the ground that under the statute of the State no person directly interested is competent to testify in any civil action or suit where the other party sues or defends as administrator of any deceased person.   The objection was overruled and an exception duly taken, and this ruling is also urged as reversible error.

The witness testified that on April 2, 1889, he had a conversation with Dr. Cronin in his office, on North Clark street, having called there for the purpose of collecting assessment No. 17; that he told Dr. Cronin that he owed that assessment, and asked him if he did not want to pay and continue his membership in the Royal League; that he replied that he did not intend to remain in the Royal League and did not expect to pay any more, and acknowledged having received a notice for assessment No. 17; that he could not tell what time of day he called on Dr. Cronin, but thinks it was between the hours of ten and three o'clock; that he remembers a controversy that occurred in Columbia Council No. 7 early in 1889, in which he took one side and Dr. Cronin the other; that there was a great deal of ill-feeling displayed on both sides.   The material part of this testimony, in the view

of the Appellate Court, is, that the member did not intend to pay the assessment and that he did not intend to remain in the Royal League. Conceding that this testimony tended to prove a waiver of material defects in the notice which he received if it had been given by a competent witness, the fact of waiver would be conclusively settled after the judgment of affirmance in the Appellate Court. But the question of the competency of the witness, Ingersoll, remains. If he was interested in the result of the suit it is clear that he was incompetent to testify against the plaintiff, suing as administratrix. The statute so expressly provides. (Starr & Cur. Stat. chap. 51, sec. 2, p. 1824.) We have held that stockholders in an ordinary corporation are incompetent, on the ground of interest, to testify in an action by or against the corporation. (*Albers Commission Co.* v. *Sessel*, 193 Ill. 153, and cases cited.) On the same principle it would seem that a member of a benefit association like this is interested in the result of a suit against the society upon a benefit certificate. No effort whatever is made by counsel for defendant in error,to·answer the objection urged against the competency of the witness, nor was the question decided in the Appellate Court. We think the objection to the witness should have been sustained.

But even admitting that there was competent testimony tending to prove a waiver of notice of the assessment by the insured, the foregoing instructions asked by the plaintiff should have been given. The defendant did not place its defense, either by the pleas or its instructions, upon the ground of waiver. The evidence of waiver is not so clear and satisfactory as that we can say the verdict could not have been otherwise notwithstanding the refusal to give these instructions. They announced correct rules of law, and should have been given.

The judgment of the Appellate Court will be reversed and the cause remanded to the circuit court for another trial.                    *Reversed and remanded.*