THE PEOPLE *ex rel.* Ben F. Coffman, County Treasurer,

*v.*

JOHN RYAN.

*Opinion filed February 21, 1907.*

1. DRAINAGE—*residents of other counties in the State entitled to reasonable notice of meeting to classify lands.* Under section 23 of the Farm Drainage act, owners of lands residing in counties of the State other than that where the proposed drainage district is located are entitled to reasonable notice of the meeting of the commissioners to make the classification of lands; but what is a reasonable notice depends upon the particular circumstances.

2. SAME—*what is a reasonable notice.* Notice of the meeting of drainage commissioners to classify lands, mailed to a land owner in an adjoining county four days before the day set for the meeting and received by him two days before such meeting, is reasonable notice.

3. EVIDENCE—*evidence as to how notice was sent is admissible.* Where the record of drainage commissioners shows that notice of a certain meeting "was sent" to the various persons interested, oral evidence as to how such notice was sent is admissible, where the question of the receipt of such notice within a reasonable time is subsequently raised upon application for judgment of sale for the unpaid drainage assessment.

APPEAL from the County Court of Logan county; the Hon. DONALD McCORMICK, Judge, presiding.

HUGH HUNTER, State's Attorney, and KING & MILLER, for appellant.

J. O. JONES, BEACH, HODNETT & TRAPP, and W. R. CURRAN, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

Application was made in the county court of Logan county for the sale of lands of appellee for an unpaid drainage assessment. Appellee filed a number of objections, all but two of which were stricken from the files. The remaining two, which go to the jurisdiction of the court, were sustained and judgment of sale denied.

The case rests substantially upon the question whether sufficient notice of the meeting to classify the land was given to appellee under section 23 of the Agricultural and Sanitary Drainage act, (Hurd's Stat. 1905, p. 805,) which reads: "The commissioners shall cause to be personally served upon all parties owning land to be affected by the proposed work, or other property liable to be taxed under this act, and residing in the county, a written or printed notice of the time when, and place where they will meet to hear any and all objections that may be made to the classification of lands on the graduated scale, which notice shall be served, in case of residents in the county, not less than three (3) days before the time set for hearing, by delivering a copy thereof to the party to be served; and the commissioners shall cause to be sent by mail such notice to all owners who do not reside in the county, whose land is to be affected, in case their post-office address is known to the commissioners, or any of them, or can be ascertained by use of reasonable diligence; and in case the land of any non-resident is to be affected, then publication shall be made in some newspaper published in said county, for three (3) successive weeks prior to the time of such hearing, and such meeting to hear objections may be adjourned from day to day by public announcement of the

commissioners, made at the meeting, until all objections are heard."

The drainage records kept by the town clerk show: "January 16, 1905.—Classification notice, and copy of the following classification notice was sent on the above date to John Ryan, Delavan, Illinois," etc. Then follows a copy of the notice, and the record continues: "A copy of the original classification notice sent to each of the above land owners on the 16th day of January, A. D. 1905," etc. At another place the drainage records read, in part, as follows: "We, the drainage commissioners," etc., "having met on this 20th day of January, A. D. 1905, at the residence of the clerk, according to notices sent on January 16, 1905, to the above said parties [John Ryan and the other land owners] and finding that said land owners and highway commissioners were notified of said meeting, as required by law," etc.

Appellee testified that he resided about three miles southeast of Delavan, in Tazewell county, and from seven to eight miles from the residence of the town clerk who sent the notice; that his post-office was Delavan and that rural delivery had not commenced at the time in question; that he received a notice reading the same as that set out in appellant's testimony, at the post-office in Delavan when he called for his mail the morning of January 18, enclosed in an envelope and directed to John Ryan, Delavan, Illinois; that the envelope was lost and he did not remember the date of the post-mark. Appellant offered to produce oral testimony by the town clerk as to how the notice was sent, but the trial court sustained an objection as to receiving that evidence. We are of the opinion that the court could receive oral testimony, not to contradict the record, but to show how the notice was sent. (*Pierce* v. *Carleton*, 12 Ill. 358; *Spellman* v. *Mathewson*, 65 id. 306.) However, it is clearly evident that the notice which appellee received by mail on the 18th is the identical notice which this record shows was sent on the 16th. The testimony of appellee shows that he lived in an

adjoining county, and as the record of the drainage commissioners states that John Ryan was notified of the meeting as required by law, the conclusion is inevitable that the notice was mailed on the 16th.

The section of the statute in question provides for notice to three classes of owners: (*a*) Those residing in the county; (*b*) those residing in the State but outside the county; and (*c*) those residing outside the State. Appellee belongs to the second of these classes. Manifestly, only three contentions can be made as to the notice required by this section as to that class: (1) That the notice must be *mailed* not less than three days before the hearing; (2) that the notice be *received,* or have had reasonable time to be received, not less than three days before the hearing; and (3) that the owner shall have reasonable notice. It is evident that the word "notice," in the clause "the commissioners shall cause to be sent by mail such notice," has reference to the paper itself, and the record shows that such paper was sent by mail to appellee on the 16th, the meeting being called for the 20th. A statute might undoubtedly be so worded as to require notice to be actually *received* a specified number of days before the proceedings set forth in such notice were to be taken. When the provision does not clearly show what is the intention, such as in the case here under consideration, if the three days' provision is to apply it can fairly be construed to mean three days from the time when the notice, in the due course of the mails, has had reasonable time, since its posting, to have reached the post-office of delivery; (*Cronin* v. *Royal League,* 199 Ill. 228;) and it will be presumed from this record that a letter mailed on January 16, 1905, in Logan county, would reach Delavan, in the adjoining county of Tazewell, at the latest on the following day,— that is, January 17, 1905. (*Ashley Wire Co.* v. *Illinois Steel Co.* 164 Ill. 149.) If this statute is to be construed to mean three days' notice to land owners in other counties in the State, it cannot certainly mean three days from the time a

person actually gets his letter out of the post-office.  Some people go for their mail every day and some do not go as often as once a week.

We are inclined to hold that the statute as to the notice to be sent to land owners residing in other counties in this State means, in each instance, a reasonable notice, and that a reasonable notice will depend upon the special facts and circumstances of each case.  Appellee resided only seven or eight miles from the place where the meeting to consider the classification of these lands was held.  Another land owner might have resided in the State one hundred and fifty or two hundred miles from that place of meeting.  What would be a reasonable notice to appellee might not be a reasonable notice to the other land owner.  Placing this construction upon the statute, the fact that appellee had time to consult a lawyer after he received the letter and before the meeting would tend to show that he had reasonable notice.  It can not be seriously contended in this case that any actual hardship was worked upon appellee by his failure to get the letter from the post-office one day earlier.  If appellee had appeared before the commissioners and stated that he had not had sufficient time since the receipt of his notice in which to make preparation, it is to be presumed that they would have adjourned their hearing as to the classification of his land in order to give him time to prepare.  Then, too, the next section of the act now under consideration provides that if a land owner be dissatisfied with the classification made by the commissioners he may appeal from their decision to the county court.  Whether this statute be construed to mean three days' notice by mail to appellee, or a reasonable notice, we think the notice sent complied with the statute.

The judgment of the county court will therefore be reversed and the cause remanded for further proceedings in conformity with the views herein expressed.

*Reversed and remanded.*