John M. Speer, Conservator, Appellee, v. American Stars of Equity, Appellant.

## Gen. No. 5325.

1. APPEALS AND ERRORS—*when ruling upon demurrer not subject to review.* In the absence of an assignment of error a ruling upon a demurrer is not subject to review.

2. PLEADING—*when defense not considered.* A defense not set up by plea will not be considered.

3. VERDICT—*when excessive properly cured by remittitur.* If a jury through no fault of its own returns a verdict in excess of ·the defendant's liability, the error may be cured by *remittitur* of such excess.

4. FRATERNAL BENEFIT SOCIETIES—*when not entitled to pay certificate in installments.* If a certificate gives to the society a right to pay the death benefits in installments, in order to preserve the right so to do in an action brought to recover the face of the certificate the question of such right must be preserved by the record.

Action in covenant. Appeal from the Circuit Court of Jo Daviess county; the Hon. OSCAR E. HEARD, Judge, presiding. Heard in this court at the April term, 1910. Affirmed. Opinion filed October 18, 1910.

W. N. CRONKRITE and SHEEAN & SHEEAN, for appellant.

HODSON & CAMPBELL, for appellee.

MR. PRESIDING JUSTICE WILLIS delivered the opinion of the court.

On December 31, 1903, the American Stars of Equity, a fraternal beneficiary society, issued to Alfred C. Phillips, a certificate of insurance payable to "Charles P. Phillips $1,500. Legal Heirs $1,500. Related as Son," upon satisfactory evidence of the death or disability of the insured for a sum not less than $3,000 in accordance with, and under the provisions of the laws governing said fund. The application, among other things, stated that the insured was a moderate user of spirituous and distilled liquors; that he was a widower; and that any concealment of facts or fraudulent statement made by him should forfeit his rights to all benefits of the order and membership therein. The certificate contained a schedule showing its value on the death of a member at different ages, the total value of the certificate, $3,000, to be paid, provided the insured died at the age of seventy, having been a member for twenty-five years. It also provided that at death, disability or maturity, the net value of the certificate might be paid, one-fifth cash and one fifth annually for four years, or until the whole amount was paid. Phillips died July 19, 1907, at the age of fifty-two years, one month

and five days. Notice and proofs of his death were furnished the society, and payment of the certificate demanded and refused. On October 28, 1908, Charles P. Phillips, a son of the deceased, brought this suit in covenant in the Circuit Court of Jo Daviess county to recover the amount due on the certificate. The declaration contained two counts which stated the facts and set up the certificate in *hæc verba,* and assigned a breach of the covenant. Later, John M. Speer, conservator of the estate of the said Charles P. Phillips, was substituted as plaintiff, and thereafter the cause proceeded in his name. The society interposed six pleas to the declaration. The first plea stated that the covenant was not its covenant. The second and fifth charged that insured intentionally and fraudulently misstated material facts in the application, to-wit: That he used spirituous and distilled liquors moderately, when in fact he used them immoderately, said statement being a warranty and untrue; that the defendant, relying on said application as being true, accepted the said Alfred C. Phillips as a member; that owing to the untruthfulness of the said statement and warranty, the society was released from liability. The third plea set out that the covenant sued on provided that, at death, total disability or maturity, the net value of the certificate might be paid, one-fifth cash, one-fifth annually until the whole amount was paid, and that it exercised the option given to pay one-fifth cash and one-fifth annually, but denied that it was liable to make any such payment for the reason that said Phillips wrongfully and fraudulently misstated material facts in the application. The fourth plea charged that the certificate was issued to Phillips, on condition that he comply with the laws and regulations then governing the branch of the society of which he was a member, or with any such laws or regulations to be passed in the future; that after the certificate was issued, defendant passed the following: "Should death of a member occur as described in section one of this article, or for any cause the result of any act committed while in an intoxicated condition or the result of intoxication, this society shall return to the beneficiary or bene-

ficiaries the premium paid by said deceased member, together with four per cent interest, which shall be in full . settlement of all claims of the beneficiary upon this society;" that the death of said Alfred C. Phillips was caused as a result of intoxication, and that defendant immediately after his death tendered to the guardian of the beneficiary, the premiums paid by him, with four per cent interest; that defendant was thereby released. The sixth plea was like the second and fifth pleas except that it charged that excessive drinking and intoxication caused the death of said Alfred C. Phillips, and that defendant was thereby discharged of liability. A demurrer was sustained to the third plea, and issues were joined on the others, and a trial resulted in a verdict of $3,315. A *remittitur* of $726.78 was ordered, and judgment for $2,588.22 was entered, and the society prosecutes this appeal.

The third plea stated, first, that appellant availed itself of the option of paying in installments, the first installment being then due, and then denied any liability whatever. It said, first, that one-fifth of the value of the certificate was due and that the society would pay it; then that nothing was due and that it would pay nothing. The plea was double, and the demurrer was properly sustained. Moreover, the ruling of the court in sustaining the demurrer is not assigned for error, and therefore no question can be raised upon that ruling in this court.

The introduction of the certificate and proof of the insured's death, and that Charles P. Phillips was his son and heir at law, and proof that appellee was conservator of the beneficiary named in the policy, made a case for appellee. The burden then shifted upon appellant to prove at least one of the two defenses set up in the pleas, either that the certificate was obtained on the fraudulent representation that he was but a moderate user of spirituous and distilled liquors when, in fact, he was an immoderate user thereof, or that his death was caused as a result of intoxication.

The proof showed that the direct cause of Phillips' death was uræmic coma and the remote cause "Bright's Disease,"

and appellant's own proof showed that the Bright's Disease was a secondary condition due to some other cause than his habit of drinking alcoholic liquor. There was, therefore, no proof to sustain the averment of the pleas that his death was caused by intoxication. Dr. Stealy testified for appellant that he met the insured frequently at medical societies; that in either 1904 or 1905 when the medical society met in Chicago, the insured was there during the week and was drunk constantly; that the physicians went from Chicago to New Orleans, where the insured had delirium tremens; but all this was after the issuance of the certificate. One witness testified for appellant that he thought the deceased was never sober in 1903, but his testimony was incompetent as he held a certificate as a member of the society and was therefore interested in the result of the suit. Cronin v. Royal League, 199 Ill. 228. Another witness testified for appellant that deceased was a moderate drinker and another that he never saw him full. On the other hand, appellee had numerous witnesses who either did not know that deceased had any habit of drink or had never known of his being drunk or perceptibly under the influence of liquor, while they knew he was in the habit of drinking whisky. In our opinion, the preponderance of the evidence did not support the averments of the second and fifth pleas that he used spirituous and distilled liquors immoderately. We cannot say that the jury were not warranted in finding that he was only a moderate user of such liquors at and prior to the time of the issue of this certificate.

A witness testified that, to the best of his knowledge Phillips' wife was alive. He did not state where she lived, or the means or source of his information. Appellant urges that had it known that deceased had a wife living, his application would have been rejected. Even though deceased had a wife living when he made his application for the certificate, there was no plea alleging that in his statement that he was a widower was false, and that the certificate was issued in reliance thereon; therefore that question is not presented by this record for our consideration, as a defense.

The second instruction given for appellee told the jury that forfeitures are not favored in law and that before the defendant could defeat the right of recovery on the ground of forfeiture, it must establish the forfeiture by clear and strict preponderance of the evidence, but the instruction also told the jury that defendant would be entitled to a verdict if the defenses pleaded were established by a mere preponderance of the evidence. From this instruction read with appellant's instructions which laid down no stricter rule, the jury could not have failed to understand that a preponderance of the evidence was sufficient to establish the issues relied on as a defense.

As the deceased was but fifty-two years old at the time of his death, according to the rates in the certificate, his beneficiary was entitled to but $2,436.24, but there was no instruction given on that subject, and the verdict was for $3,000 with interest added. After the verdict the court made some figures and required appellee to remit $726.78 from that sum. Of this appellant complains, on the ground that the court took the question of liability of appellant from the jury. The jury determined appellant's liability, but through no fault of theirs returned a verdict in a larger sum than was due under the terms of the certificate, which sum could be accurately determined. The court had the right to make the calculation and order a reduction to the amount which appellee was entitled to recover under the terms of the certificate. It is not claimed that the amount of the judgment, after the *remittitur* was entered, was greater than was due by the terms of the certificate, and therefore we are not called upon to make a computation to prove the accuracy of the figures made by the trial judge.

It is urged that appellant could only be adjudged to pay one-fifth of the amount due on the certificate now and the other four-fifths in the succeeding four years at the rate of a fifth a year. The fallacy of this position is, that appellant, after the demurrer was sustained to the third plea, had no plea raising that question, and did not even assign error on the ruling of the court in sustaining the demurrer to that

plea, nor raise it by instruction or by any application to the court to rule on the subject. We are of the opinion that that question is not raised by this record.

Finding no error of law in the record, the judgment of the Circuit Court is affirmed.

*Affirmed.*